# UNITED STATES DISTRICT COURT

### for the

### District of Massachusetts

| | |
|---|---|
| **John L. McCullough III** <br><br> Plaintiff, <br><br> v. <br><br> **City of Boston, Massachusetts, State of Massachusetts, Scott Roby (personal capacity) Does 1-50 (personal capacities)** Defendants. | **Case No.: 1:2022cv10177** <br><br> 2022 MAY 31 PM 2:22 <br> FILED IN CLERKS OFFICE |

## COMPLAINT

PLAINTIFF John L. McCullough III sues Defendant Scott Roby and for money damages and

says:

## JURISDICTION

1.  This Court has subject matter jurisdiction under 1st, 4th, 5th, 6th, 8th, and 14th Amendments to the U.S.

Constitution; Title 42 U.S.C. 1983

28 U.S.C. §§ 1331 and 1343 over the federal claims concerning violations of the Fourth and Fourteenth

Amendments and 42 U.S.C. § 1985(3). This Court also has supplemental jurisdiction under 28 U.S.C. §

1367 over the related claims under state law. Venue is proper in this judicial district under 28 U.S.C. §

1391, because the events giving rise to this civil action occurred in this judicial district.


2.  At all times material to this lawsuit, John L. McCullough III was a resident of Boston, Massachusetts.


3.  At all times material to this lawsuit, Scott Roby and Does 1-50 were residents of Boston,

Massachusetts.


4.  All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Boston,

Massachusetts.

5.  This Court has jurisdiction.


**GENERAL ALLEGATIONS**


6. On 25 April 2020 Plaintiff was walking on Blue Hill Ave. in Boston, Ma. in the Mattapan section of

the city on the sidewalk while recording a traffic stop with a cell phone. When Plaintiff reached the corner

of the sidewalk at Blue Hill and Ansel St., Plaintiff stopped walking and continued to record the traffic stop.

7. Plaintiff continued recording as the Defendant who was conducting the traffic stop walked away from the vehicle after handing the driver back documents. Plaintiff asked the Defendant to confirm if Defendant had concluded the traffic stop. Defendant didn't respond to Plaintiff's question.

8. When Defendant walked away from the traffic stop and got into the police issued vehicle, Plaintiff walked to the driver side of the vehicle that had been stopped and proceeded to ask the driver a question.

9. As Plaintiff was receiving a response from the driver, Defendant walked up to Plaintiff and said, "Step out of the street." Plaintiff responded with, "I'm not obstructing traffic." Defendant told plaintiff to "step out of the street" two more times before saying, "If you don't step out of the street, I'm going to lock you up".

10. Defendant continued to walk up on Plaintiff giving plaintiff no choice to walk backwards until Plaintiff reached the sidewalk. Defendant turned away and began walking to his Police issued vehicle. The driver that was stopped by the defendant drove away.

11. Plaintiff began walking on the sidewalk in the same direction that defendant was walking while asking for Defendant's name and badge. Defendant was in the street on the driver's side of his police

issued vehicle. Plaintiff continued to ask for name and badge as Plaintiff walked into the parking lane of the street in the direction of the Defendant's passenger side of the police issued vehicle.

12. Defendant turned around and proceeded to walk around the front of Defendants police issued vehicle and headed in the direction of the Plaintiff.

13. Defendant stated to Plaintiff to step out of the street, following with. "I am not going to tell you again." Defendant walked up to Plaintiff causing physical contact, saying, 'Let me see your hands", as defendant retrieved handcuffs, and grabbed Plaintiff's wrists.

14. Defendant began taking control of Plaintiff's body by pulling on Plaintiff's left arm as Plaintiff continued to record with cell phone which was in Plaintiff's right hand. Defendant continued to pull on Plaintiff's right arm causing severe pain as Defendant poked a thumb into Defendant's left wrist while saying, "Put your hands behind your back."

15. Defendant began to gain more bodily control of Plaintiff by pushing Plaintiff against a metal clothes donation container as Plaintiff stated, "I got out the street" and as Plaintiff asked, "What are you locking me up for?" Defendant continued to push Plaintiff against the metal clothes donation container causing severe pain in the back area. Plaintiff stated, "I'm not doing anything.", while Defendant told Plaintiff to "Put your hands behind your back.", and "Stop resisting."

16. Defendant began to pin Plaintiff against the metal clothes donation container while receiving assistance by Doe #1 who also assisted Defendant with traffic stop. Defendant and Doe #1 grabbed each arm of the Plaintiff as Defendant and Doe#1 poked their thumb into Plaintiff's wrist causing severe pain.

17. Defendant and Doe #1 applied handcuffs to the Plaintiff's wrists as Plaintiff's left side of face begin to burn and cause intense and severe pain. Plaintiff asked Defendant, "What you spray me with?", which Defendant replied, "I didn't spray you with nothing." As Plaintiff was held by each arm while receiving intense and severe pain to left side of Plaintiff's face, Plaintiff lost control of cell phone and released the cell phone to the ground.

18. As Plaintiff left side of face continued to burn, Plaintiff asked Defendant what Plaintiff was being charged with which Defendant responded with "I already told you". Plaintiff also requested to get cell phone from the ground for fear of the recording being destroyed. Defendant responded with "You're under arrest.", as Defendant took Plaintiff to defendant's police issued vehicle. Defendant placed Plaintiff in the back of the police issued vehicle as Plaintiff screamed in fear, "Help me! Help Me!" After Defendant secured Plaintiff in Police issued vehicle; Defendant remained outside of the police issued vehicle.

19. While Plaintiff waited in the backseat of the Defendant's police issued vehicle, Patrol Supervisor Doe #2 arrived at the scene. Defendant and Patrol Supervisor Doe #2 spoke briefly before Defendant got into Police issued vehicle to transfer Plaintiff to B-3 police station.

20. While Plaintiff was being driven to B-3 police station by Defendant, Plaintiff left side of face continued to burn. Plaintiff asked, "What's the charge?", in which Defendant responded with, "I already told you.", and "It's on your camera". When Defendant arrived at B-3 police station Defendant proceeded to retrieve Plaintiff from the back seat by pulling forcefully at the handcuffs that were on Plaintiff's wrists which caused severe pain, trauma, and mental anguish. Plaintiff asked Defendant, "Why are you grabbing me like that?", as Defendant continued to pull and tighten on handcuffs. After Defendant took Plaintiff out of the vehicle Plaintiff began to scream "Help me! Help Me! He's trying to kill me!' for fear of being physically harmed when taken into B-3 police station. Plaintiff then yelled, "He's taking my property from me.", in hope that it would deter the Defendant from destroying the cell cam footage.

21. As Defendant pushed Plaintiff closer towards the garage door of the reception area of the B-3 police station Defendant placed Plaintiffs hood of jacket over Plaintiffs head, Defendant bent Plaintiff over, and Defendant rammed Plaintiffs head into a hard surface as Defendant Yelled "Stop Spitting!" Plaintiff felt severe pain on head and was in extreme fear once Plaintiff's vision was obstructed with hood of jacket caused by Defendant.

22. As Plaintiff was pulled into the reception area by Defendant and Doe #3, who assisted with arrest, Plaintiff left side of face continued to burn. Plaintiff's vision continued to be obstructed with Plaintiff's hood of jacket caused by Defendant as Plaintiff was drug into a caged area inside B-3 police station. Plaintiff asked, "Why are Ya'll doing this to me, why are Ya'll doing this to me!"

23. Once Plaintiff was in caged area, Plaintiff was slammed to the ground while Plaintiff's vision was still obstructed by hood of jacket which was caused by the Defendant and causing Plaintiff extreme pain, fear, and trauma. Plaintiff's left side of face continued to burn. Plaintiff began to cry out in pain and plead with

the Defendant and Does to stop hurting Plaintiff as Plaintiff heard Defendant and Does talking around him.

24. Plaintiff's vision continued to be obstructed with hood of jacket which was caused by Defendant. Plaintiff was pinned to the ground in the caged area by Defendant and Does. Plaintiff felt physical contact of multiple hands on Plaintiffs body used to restrain Plaintiff which was initiated by Defendant and Does. Plaintiff screamed out that he could not breathe as an extreme sharp pressure was applied to Plaintiff's neck causing trauma, fear, pain, and lack of oxygen.

25. After Plaintiff was released from being pinned to the ground Defendants and Does took Plaintiff to another area of the B-3 police station. Medical assistance arrived for Plaintiff's burn on left side of face as Plaintiff was fingerprinted and processed by Doe #4 as Doe #5 stood beside Plaintiff. After Doe #4 processed Plaintiff, Doe #5 took Plaintiff to a jail cell where Plaintiff remained in jail cell for a total of 34 hours. Plaintiff was released on a $400 cash bail and received an "additional condition of release" to stay away from B-3 police station. Plaintiff received personal property including cell phone, which was destroyed, however the SD card located inside of phone was not damaged, preserving the footage of the arrest.

## CAUSES OF ACTION

### First Cause of Action

(Violation of Fourth and Fourteenth Amendments: False Arrest

Pursuant to 42 U.S.C. § 1983)

26. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

27. At all relevant times, Defendant and Does were employed by the City of Boston, Massachusetts and acted "under color of law" within the meaning of 42 U.S.C. Section 1983.

28. The Defendant and Does arrested Plaintiff. The Defendants did not have probable cause to arrest Plaintiff.

29. By falsely arresting Plaintiff, Defendant and Does deprived Plaintiff of his clearly established rights under the Fourth and Fourteenth Amendment to be free from illegal seizure.

30. As a direct and proximate cause of such acts, Defendant and Does deprived Plaintiff of his Fourth Amendment rights, in violation of 42 U.S.C. Section 1983

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**Second Cause of Action**

(Violation of Massachusetts Civil Rights Act: False Arrest)

31. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

32. Plaintiff was falsely arrested, which acted as a threat, intimidation, or coercion and forced him to give up his fundamental right to be free of unreasonable seizure.

33. By the acts and omissions described above, Defendant and Does #2 and #3 deprived Plaintiff of his clearly established right to be free of unreasonable seizure as guaranteed under federal and state law in violation of the Massachusetts Civil Rights Act.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Third Cause of Action

(Violation of Fourth and Fourteenth Amendments: Excessive Force pursuant to 42 U.S.C. § 1983)

34. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

35. At all relevant times, Defendants and Does were employed by the City of Boston, Massachusetts and acted "under color of state law" within the meaning of 42 U.S.C. § 1983. 127 In detaining Plaintiff, Defendant and Does jointly and in concert used excessive and unreasonable force against him

36. By using excessive and unreasonable force against Plaintiff, Defendant and Does deprived Plaintiff of his clearly established rights under the Fourth and Fourteenth Amendments to be free from excessive and unreasonable force.

37. As a result of the excessive and unreasonable force that Defendant and Does used, Plaintiff suffered damages.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**Fourth Cause of Action**

(Violation of Massachusetts Civil Rights Act: Excessive Force)

38. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

39. Defendant and Does used excessive force against Plaintiff, which acted as a threat, intimidation, or coercion and forced him to give up his fundamental right to be free of unreasonable seizure.

40. By the acts and omissions described above, Defendant and Does deprived Plaintiff of his right to be free of unreasonable seizure as guaranteed under federal and state law in violation of the Massachusetts Civil Rights Act.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## Fifth Cause of Action

(Assault and Battery)

41. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

42. By using excessive and unjustified force against Plaintiff, Defendant and Does, jointly and in concert, intentionally and without justification or excuse caused Plaintiff to suffer physical injuries.

43. As a result of Defendant and Does unjustified physical battery of Plaintiff, he suffered damages.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Sixth Cause of Action

(Violation of Fourth and Fourteenth Amendments: Unreasonable Search pursuant to 42 U.S.C. § 1983)

44. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

45. At all relevant times, Defendant and Does were employed by the City of Boston, Massachusetts and acted "under color of state law" within the meaning of 42 U.S.C. § 1983.

46. Defendant and Doe #1 deprived Plaintiff of his right to be free from illegal search, without any probable cause of criminality or reasonable suspicion that Plaintiff was armed and dangerous, by searching his person.

47. Defendant and Does deprived Plaintiff of his right to be free from illegal search by searching his person and confiscating his property.

48. As a direct and proximate cause of such acts, Defendant Doe #2 deprived Plaintiff of his Fourth and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**Seventh Cause of Action**

(Violation of Massachusetts Civil Rights Act: Equal Protection)

49. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

50. Plaintiff was unlawfully arrested without justification.

51. Defendant Doe #3 therefore coerced and intimidated Plaintiff and deprived him of his right to equal protection under the laws.

52. By the acts and omissions described above, Doe #3 violated Plaintiff's right to equal protection under the laws in violation of the Massachusetts Civil Rights Act.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**Eighth Cause of Action**

(Violation of 42 U.S.C. § 1983: Civil Rights Conspiracy pursuant to 42 U.S.C. § 1983)

53. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

54. At all relevant times, Defendant and Does were employed by the City of Boston, Massachusetts and acted "under color of state law" within the meaning of 42 U.S.C. § 1983.

55. Defendant and Does acted in concert to conspire to falsely arrest and use excessive force against Plaintiff, inflicting a wrong against him.

56. Defendant and Does took overt acts to carry out their conspiracy by arresting Plaintiff without probable cause and treating him roughly, including by handcuffing him and deploying OC spray

57. Defendants accounts of Defendants own written narrative of Defendant's police report demonstrate that the Defendant was attempting to cover up the unlawful arrest.

58. Defendant and Does fixation on proving Plaintiff's nonexistent criminality, despite all evidence to the contrary, further demonstrates the existence of the conspiracy.

59. As a direct and proximate cause of such acts, Defendants and Does violated 42 U.S.C. § 1983 by conspiring to harm Plaintiff.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Ninth Cause of Action

(Violation of 1985(3): Civil Rights Conspiracy)

60.  Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

61. Defendant and Does conspired to deprive Plaintiff of his equal protection of the laws by falsely arresting him and using excessive force against him.

62. Defendant and Does detained, falsely arrested, and unjustly treated Plaintiff in the manner in which they did, including by acting with force against him and falsely arresting him.

63. The history of bias-based policing in Boston, Massachusetts supports the claim that the officers acted intentionally and with bias against Plaintiff.

64. As a direct and proximate cause of such acts, Defendant and Does violated 42 U.S.C. § 1985(3).

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Tenth Cause of Action

(Violation of 42 U.S.C. § 1983: Municipal Liability)

65. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

66. At all relevant times, Defendant and Does served as employees of Defendant City of Boston, Massachusetts, and they acted in accordance with a policy or custom of Defendant City of Boston, Massachusetts.

67. Despite the need for adequate training for police officers responding to 911 calls about alleged crimes in process, Defendant City of Boston, Massachusetts has maintained, and continues to maintain, a policy of providing inadequate training for police officers.

68. At all relevant times, Defendant City of Boston, Massachusetts knew or should have known that there was a need for such training.

69. The training currently provided by Defendant City of Boston, Massachusetts is inadequate and discriminatory, because it results in bias-based policing, civil rights violations, and excessive use of force.

70. Defendant City of Boston, Massachusetts policy of providing inadequate and discriminatory training for police officers proximately caused the harms to Plaintiff in violation of 42 U.S.C. § 1983.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Eleventh Cause of Action

(Supervisory Liability)

71. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

72. By unlawfully seizing Plaintiff, using excessive force against Plaintiff, committing equal protection violations against Plaintiff, Defendant and Does violated Plaintiff's constitutional rights.

73. At all relevant times, Doe #3, as the Patrol Supervisor, supervised Defendant and Does.

74. Defendant and Defendant Patrol Supervisor Doe #3 deliberate indifference and negligent failure to provide adequate training to and supervision of their employees was a direct and proximate cause of the violation of Plaintiff's rights.

75. As a result of Defendant and Defendant Patrol Supervisor Doe #3 deliberate indifference, Plaintiff suffered substantial damages.

WHEREFORE Plaintiff demands judgement for money damages against Defendants together with such other and further relief as the Court may deem reasonable and just under the circumstances.

John L. McCullough III

John L. McCullough III, Plaintiff

Jury Demand

Plaintiff demands jury trial on all counts so triable.