UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-cv-10177-RGS

JOHN L. McCULLOUGH, III,

   Plaintiff,

v.

CITY OF BOSTON, MASSACHUSETTS, STATE OF MASSACHUSETTS, SCOTT ROBY (personal capacity), and DOES 1-50 (personal capacities),

   Defendants.

**OFFICER SCOTT ROBY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF NO. 34] AND DEMAND FOR JURY TRIAL**

  Officer Scott Roby answers plaintiff John L. McCullough, III's Second Amended Complaint as follows:

**JURISDICTION**

  1. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Officer Roby admits that the Court has jurisdiction over the claims and that venue is proper.

  2. Officer Roby is without knowledge or information sufficient to enable him to admit or deny the factual allegations of this paragraph.

  3. Officer Roby is without knowledge or information sufficient to enable him to admit or deny the factual allegations regarding Does 1-50. Officer Roby admits that his is a resident of Boston, Massachusetts.

  4. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Officer Roby denies the allegations contained in this paragraph.

5. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Officer Roby admits that the Court has jurisdiction over the claims.

## GENERAL ALLEGATIONS

6. Officer Roby admits that Plaintiff recorded a traffic stop on April 25, 2022 on Blue Hill Avenue in Boston, MA. Officer Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations of this paragraph.

7. Officer Roby admits that after the completion of the traffic stop, he returned documents to the driver and walked back to his police cruiser. Officer Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations of this paragraph.

8. Defendants admits that after he entered his police cruiser, Plaintiff entered the street and approached the driver's window. Officer Roby is without knowledge or information sufficient to enable him to admit or deny the remaining allegations of this paragraph.

9. Admitted.

10. Officer Roby admits that he approached Plaintiff and Plaintiff returned to the sidewalk, at which point he told the driver that she was free to go and returned to his police cruiser. Officer Roby denies the remaining allegations of this paragraph.

11. Admitted.

12. Admitted.

13. Admitted.

14. Officer Roby admits that he told Plaintiff to put his hands behind his back and attempted to arrest him by securing his wrists while Plaintiff pulled away and resisted. Officer Roby denies the remaining allegations of this paragraph.

15. Officer Roby admits that while Plaintiff was resisting arrest, he said "I got out the street," "I'm not doing anything," and "What are you locking me up for?" Officer Roby further admits that he told Plaintiff to "put your hands behind your back" and "don't resist arrest." Officer Roby denies the remaining allegations contained in this paragraph.

16. Denied.

17. Officer Roby admits that he and another officer applied handcuffs to Plaintiff. Officer Roby admits that Plaintiff said "What did you spray me with" and that he responded "I didn't spray you with nothing." Officer Roby further admits that Plaintiff dropped his phone at some point. Officer Roby denies the remaining allegations of this paragraph.

18. Officer Roby admits that Plaintiff asked what he was being charged with, to which Officer Roby stated "I already told you," but otherwise denies the allegations of the first sentence of this paragraph. Officer Roby admits Plaintiff asked for his camera/phone which to which he responded that he had it, but is without knowledge or information sufficient to admit or deny the remaining allegations in the second sentence of this paragraph. Officer Roby admits the third sentence of this paragraph. Officer Roby admits that when Plaintiff was placed in the back of the police cruiser while continuing to resist arrest, he yelled "help me, help me." Officer Roby admits the fifth sentence of this paragraph.

19. Officer Roby admits that a supervisor was called to the scene and arrived shortly thereafter and spoke with the officers. Officer Roby further admits that he then got into the cruiser and transported Plaintiff to the B-3 station.

20. Officer Roby denies the first sentence of this paragraph. Officer Roby admits the second sentence of this paragraph. Officer Roby denies the third sentence of this paragraph.

Officer Roby admits that Plaintiff made the statements in the fourth, fifth and sixth sentences of this paragraph but otherwise denies the allegations in those sentences.

21. Officer Roby admits that as they approached the door to the B-3 station, he pulled the hood of Plaintiff's jacket over his head to stop Plaintiff from spitting, and told Plaintiff to stop spitting. Officer Roby denies the remaining allegations of this paragraph.

22. Officer Roby admits that Plaintiff made the statement in the last sentence of this paragraph but otherwise denies the remaining allegations contained in this paragraph.

23. Denied.

24. Denied.

25. Officer Roby is without knowledge or information sufficient to enable him to admit or deny the allegations of this paragraph.

## CAUSES OF ACTION

### First Cause of Action

(Violation of Fourth and Fourteenth Amendments: False Arrest

Pursuant to 42 U.S.C. § 1983)

26. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-25 as if set forth fully herein

27. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Officer Roby admits that that he was employed by the City of Boston and was working at time of the arrest of Plaintiff.

28. Officer Roby admits he arrested Plaintiff. Officer Roby denies the remaining allegations of this paragraph.

29. Denied.

4

30. Denied.

## Second Cause of Action

(Violation of Massachusetts Civil Rights Act: False Arrest)

31. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-30 as if set forth fully herein.

32. Denied.

33. Denied.

## Third Cause of Action

(Violation of Fourth and Fourteenth Amendments: Excessive Force)

Pursuant to 42 U.S.C. § 1983)

34. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-33 as if set forth fully herein.

35. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Officer Roby admits that that he was employed by the City of Boston and was working at time of the arrest of Plaintiff. Officer Roby denies the remaining allegations of this paragraph.

36. Denied.

37. Denied.

## Fourth Cause of Action

(Violation of Massachusetts Civil Rights Act: Excessive Force)

38. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-37 as if set forth fully herein.

39. Denied.

40. Denied.

## Fifth Cause of Action

(Assault and Battery)

41. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-40 as if set forth fully herein.

42. Denied.

43. Denied.

## Sixth Cause of Action

(Violation of Fourth and Fourteenth Amendments: Unreasonable Search

Pursuant to 42 U.S.C. § 1983)

44. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-43 as if set forth fully herein.

45. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Officer Roby admits that that he was employed by the City of Boston and was working at time of the arrest of Plaintiff.

46. Denied.

47. Denied.

48. Denied.

## Seventh Cause of Action

(Violation of Massachusetts Civil Rights Act: Equal Protection)

49. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-48 as if set forth fully herein.

50. Denied.

51. Denied.

52. Denied.

### Eighth Cause of Action

(Violation of 42 U.S.C. § 1983: Civil Rights Conspiracy pursuant to 42 U.S.C. § 1983)

53. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-52 as if set forth fully herein.

54. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Officer Roby admits that that he was employed by the City of Boston and was working at time of the arrest of Plaintiff.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

### Ninth Cause of Action

(Violation of 1985(3): Civil Rights Conspiracy)

60. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-59 as if set forth fully herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

**Tenth Cause of Action**

(Violation of 142 U.S.C. § 1983: Municipal Liability)

65. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-64 as if set forth fully herein.

66. The allegations of this paragraph are directed to a party other than Officer Roby and this claim has been dismissed by the Court, and thus no response is required. To the extent that a response is required, Officer Roby denies the allegations of this paragraph.

67. The allegations of this paragraph are directed to a party other than Officer Roby and this claim has been dismissed by the Court, and thus no response is required. To the extent that a response is required, Officer Roby denies the allegations of this paragraph.

68. The allegations of this paragraph are directed to a party other than Officer Roby and this claim has been dismissed by the Court, and thus no response is required. To the extent that a response is required, Officer Roby denies the allegations of this paragraph.

69. The allegations of this paragraph are directed to a party other than Officer Roby and this claim has been dismissed by the Court, and thus no response is required. To the extent that a response is required, Officer Roby denies the allegations of this paragraph.

70. The allegations of this paragraph are directed to a party other than Officer Roby and this claim has been dismissed by the Court, and thus no response is required. To the extent that a response is required, Officer Roby denies the allegations of this paragraph.

**Eleventh Cause of Action**

(Violation of 142 U.S.C. § 1983: Municipal Liability)

71. Officer Roby restates and incorporates by reference his answers to the allegations contained in paragraphs 1-70 as if set forth fully herein.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## AFFIRMATIVE DEFENSES

Further answering, Officer Roby asserts the following affirmative defenses:

### First Affirmative Defense

The Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Officer Roby at all times acted in good faith and upon reasonable belief that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### Third Affirmative Defense

Officer Roby is immune from suit because his actions are protected by the doctrine of qualified immunity.

### Fourth Affirmative Defense

Officer Roby is immune from suit because his actions are protected by the doctrine of common-law immunity.

### Fifth Affirmative Defense

Plaintiff, by his own acts, omissions, or negligence is estopped from asserting any claims against Officer Roby.

### Sixth Affirmative Defense

Officer Roby's acts and conduct were performed according to, and protected by, law and/or

legal process and, therefore, the Plaintiffs cannot recover.

### Seventh Affirmative Defense

The Plaintiff has not alleged that Officer Roby engaged in threats, intimidation, or coercion for the purpose of interfering or attempting to interfere with the exercise or enjoyment by Plaintiffs of rights secured by the constitutions or laws of the Commonwealth of Massachusetts or United States.

### Eighth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitation.

### Ninth Affirmative Defense

Officer Roby is immune from liability under M.G.L. c. 258.

### Tenth Affirmative Defense

The Plaintiff's claims are barred in whole or in part because Officer Roby had probable cause.

### Eleventh Affirmative Defense

Officer Roby reserves the right to amend its answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

**WHEREFORE**, Officer Roby respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint, enter judgment in his favor, and grant such other and further relief as this Court deems just and proper.

### JURY DEMAND

**OFFICER ROBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

**SCOTT ROBY**
By his attorney,

ADAM N. CEDERBAUM
Corporation Counsel


/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045
edward.whitesell@boston.gov

Dated: October 18, 2022

**Certificate of Service**

I, Edward F. Whitesell, Jr., hereby certify that on October 18, 2022, a copy of this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Edward F. Whitesell, Jr.
Edward F. Whitesell, Jr.