**USMS**
**SCREENED** UNITED STATES DISTRICT COURT

for the

District of Massachusetts

FILED
IN CLERKS OFFICE

2023 JAN -5 AM 11: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **John L. McCullough III**<br><br>Plaintiff,<br><br>v.<br><br>**Officer Scott Roby (personal capacity) Sergeant Thomas C. Brooks (personal capacity), Officer Frank Woods (personal capacity)**<br><br>Defendants | **Case No.: 1:22-cv-10177**<br><br>**Jury Trial Demanded** |

## SECOND AMENDED COMPLAINT

PLAINTIFF John L. McCullough III sues Defendants Scott Roby, Thomas Brooks, and Frank Woods for money damages and says:

### Introduction

1. This action is brought against the Defendants Scott Roby, Thomas C. Brooks, and Frank Woods, pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under the color of law TITLE 18, U.S.C. § 241 and TITLE 18, U.S.C. § 242 secured by the Fourth and Fourteenth Amendment to the United States Constitution.  It arises out of the savage, willful, malicious, sadistic assault and arrest of Plaintiff by the Defendants Scott Roby, Thomas Brooks, and Frank Woods during a roadside encounter in Boston, Massachusetts.

### JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1343 over the federal claims concerning violations of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1985(3). This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the related claims under state law. Venue is proper in this judicial district under 28 U.S.C. § 1391, because the events giving rise to this civil action occurred in this judicial district.

3. At all times material to this lawsuit, John L. McCullough III was a resident of Boston, Massachusetts.

4. At all times material to this lawsuit, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods were residents of Boston, Massachusetts.

5. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Boston, Massachusetts.

6. This Court has jurisdiction.

## GENERAL ALLEGATIONS

7. On April 25th, 2020, Plaintiff was walking on Blue Hill Ave. in Boston, Ma. in the Mattapan section of the city on the sidewalk while recording a traffic stop with a cell phone. When Plaintiff reached the corner of the sidewalk at Blue Hill and Ansel St., Plaintiff stopped walking and continued to record the traffic stop.

8. Plaintiff continued recording as the Defendants Scott Roby, and Frank Woods conducted the traffic stop. Defendant Scott Roby began to walk away from the vehicle after handing the driver back documents. Plaintiff asked Defendant Scott Roby to confirm if Defendant Scott Roby had concluded the traffic stop. Defendant Scott Roby did not respond to Plaintiff's question.

9. When Defendant Scott Roby walked away from the traffic stop and got into the police issued vehicle, Plaintiff walked to the driver side of the vehicle that had been stopped and began to ask the driver a question.

10. As Plaintiff was receiving a response from the driver, Defendant Scott Roby walked up to Plaintiff and said, "Step out of the street." Plaintiff responded with, "I'm not obstructing traffic." Defendant Scott Roby ordered Plaintiff to "step out of the street" two more times before saying, "If you don't step out of the street, I'm going to lock you up."

11. Defendant Scott Roby continued to walk up on Plaintiff giving plaintiff no choice but to walk backwards until Plaintiff reached the sidewalk. Defendant Scott Roby turned away and began walking to his Police issued vehicle. The driver that was stopped by Defendant Scott Roby drove away.

12. Plaintiff began walking on the sidewalk asking for Defendant Scott Roby's name and badge as Defendant Scott Roby was walking in the street on the driver's side of his police issued vehicle. Plaintiff continued to ask for name and badge as Plaintiff walked into the parking lane of the street in the direction of the Defendant's passenger side police issued vehicle.

13. Defendant Scott Roby turned around and proceeded to walk around the front of the police issued vehicle and headed in the direction of Plaintiff.

14. Defendant Scott Roby commanded Plaintiff to step out of the street, following with. "I am not going to tell you again." Defendant Scott Roby walked up to Plaintiff causing painful physical contact by grabbing Plaintiff's arm, while saying, 'Let me see your hands," as Defendant Scott Roby retrieved handcuffs, and grabbed Plaintiff's left wrist.

15. Defendant Scott Roby began taking control of Plaintiff's body by pulling on Plaintiff's left arm and wrist as Plaintiff continued to record with cell phone which was in Plaintiff's right hand. Defendant Scott Roby continued to pull and twist on Plaintiff's left arm and wrist causing severe pain as Defendant Scott Roby poked a thumb into Plaintiff's left wrist while saying, "Put your hands behind your back!"

16. Defendant Scott Roby began to gain more bodily control of Plaintiff by pushing Plaintiff against a metal clothes donation container as Plaintiff stated, "I got out the street" and as Plaintiff asked, "What are you locking me up for?" Defendant Scott Roby continued to push Plaintiff against the metal clothes donation container causing severe pain in the back area. Plaintiff stated, "I'm not doing anything." while Defendant Scott Roby commanded Plaintiff to, "Put your hands behind your back.!" and "Stop resisting!"

17. Defendant Scott Roby began to pin Plaintiff against the metal clothes donation container while receiving assistance from Defendant Frank Woods who also assisted Defendant Scott Roby with traffic stop. Defendants Scott Roby and Frank Woods grabbed each arm of the Plaintiff as Defendants Scott Roby and Frank Woods poked their thumb into Plaintiff's wrist causing severe pain, as Defendant Frank Woods commanded Plaintiff to "Put your hands behind your back!"

18. Defendants Scott Roby and Frank Woods applied handcuffs to the Plaintiff's wrists as Plaintiff's left side of face began to burn and cause intense and severe pain. Plaintiff asked Defendant Scott Roby "What you spray me with?" Defendant Scott Roby replied, "I didn't spray you with nothing," as Plaintiff was held by each arm, receiving intense and severe pain to left side of Plaintiff's face. At that moment Plaintiff realized he was sprayed with OC spray. Plaintiff lost control of cell phone as cell phone was snatched from his hand.

19. As Plaintiff left side of face continued to burn, Plaintiff asked Defendant Scott Roby what Plaintiff was being charged with which Defendant Scott Roby responded with "I already told you". Plaintiff also requested to get cell phone from the ground for fear of the recording being destroyed. Defendant Scott Roby responded with "You're under arrest."

20. Defendant Scott Roby took Plaintiff to Defendant Scott Roby's police issued vehicle. Defendant Scott Roby placed Plaintiff in the back of the police issued vehicle as Plaintiff screamed in fear, "Help me! Help Me!" After Defendant Scott Roby secured Plaintiff in Police issued vehicle; Defendant Scott Roby remained outside of the police issued vehicle.

21. While Plaintiff waited in the backseat of the Defendant's police issued vehicle, Patrol Supervisor Thomas C. Brooks arrived at the scene. Defendant Scott Roby and Patrol Supervisor Thomas C. Brooks spoke briefly before Defendant Scott Roby got into the Police issued vehicle to transfer Plaintiff to B-3 police station.

22. While Plaintiff was being driven to B-3 police station by Defendant Scott Roby, Plaintiff left side of face continued to burn. Plaintiff asked, "What's the charge?" to which Defendant Scott Roby responded with, "I already told you.," and "It's on your camera." When Defendant Scott Roby and Plaintiff arrived at B-3 police station Defendant Scott Roby proceeded to retrieve Plaintiff from the back seat by pulling forcefully at the handcuffs that were on Plaintiff's wrists which caused severe pain, trauma, and mental anguish. Plaintiff asked Defendant Scott Roby, "Why are you grabbing me like that?" as Defendant Scott Roby continued to pull on handcuffs. After Defendant Scott Roby took Plaintiff out of the vehicle Plaintiff began to scream "Help me! Help Me! He's trying to kill me!' for fear of being physically harmed when taken into B-3 police station. Plaintiff then yelled, "He's taking my property from me," in hope that it would deter Defendant Scott Roby from destroying the cell cam footage.

23 As Defendant Scott Roby pushed Plaintiff closer towards the garage door of the reception area of the B-3 police station Defendant Scott Roby placed Plaintiffs hood of jacket over Plaintiffs head, Defendant Scott Roby bent Plaintiff over, and rammed Plaintiffs head into the brick wall of B-3 Police Station as Defendant Scott Roby Yelled "Stop Spitting!" Plaintiff felt severe pain on head and was in extreme fear once Plaintiff's vision was obstructed with hood of jacket caused by Defendant Scott Roby.

24. As Plaintiff was pulled into the reception area by Defendants Scott Roby and Frank Woods, Plaintiff left side of face continued to burn. Plaintiff's vision continued to be obstructed with Plaintiff's hood of jacket caused by Defendant Scott Roby as Plaintiff was drug into a caged area inside B-3 police station. Plaintiff asked, "Why are Ya'll doing this to me, why are Ya'll doing this to me!"

25. Once Plaintiff was in caged area, Plaintiff was slammed to the ground while Plaintiff's vision was still obstructed by hood of jacket which was caused by Defendant Scott Roby.

26. Plaintiff was in extreme pain, fear, and trauma. Plaintiff's left side of face continued to burn. Plaintiff began to cry out in pain, pleading with the Defendants Scott Roby, and Frank Woods and other officers who participated to stop hurting Plaintiff as Plaintiff heard Defendant Scott Roby, Frank Woods and other officers talking around him.

27. Plaintiff's vision continued to be obstructed with hood of jacket which was caused by Defendant Scott Roby. Plaintiff was pinned to the ground in the caged area by Defendant Scott Roby, Frank Woods, and other officers. Plaintiff felt physical contact of multiple hands on Plaintiffs body used to restrain Plaintiff which was initiated by Defendant Scott Roby, Frank Woods, and other officers. Plaintiff screamed out that he could not breathe as an extremely sharp pressure was applied from an officer's knee to Plaintiff's neck causing trauma, fear, pain, and lack of oxygen.

28. After Plaintiff was released from being pinned to the ground, Defendants Scott Roby, Frank Woods and other officers took Plaintiff to another area of the B-3 police station. Medical assistance arrived for Plaintiff's burn on left side of face as Plaintiff was fingerprinted and processed. After Plaintiff was processed, a female officer took Plaintiff to a jail cell where Plaintiff remained for a total of 34 hours. Plaintiff was released on a $400 cash bail and received an "additional condition of release" to stay away from B-3 police station. Plaintiff received personal property including cell phone, which was destroyed, however the SD card located inside of phone was not damaged, preserving the footage of the arrest.

29. Plaintiff remained on Massachusetts pretrial detention stipulated by Dorchester Court for 30 months (about 2 and a half years) until Plaintiff was found Not Guilty at trial on all charges (Assault & Battery on a Police Officer, Resisting Arrest, and Disorderly Conduct), on 10/07/22.

## CAUSES OF ACTION

### First Cause of Action (Violation of Fourth and Fourteenth Amendments: False Arrest Pursuant to 42 U.S.C. § 1983)

30. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

31. At all relevant times, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods were employed by the City of Boston, Massachusetts and acted "under color of law" within the meaning of 42 U.S.C. Section 1983.

32. The Defendants Scott Roby, Thomas C. Brooks, and Frank Woods arrested Plaintiff. The Defendants did not have probable cause to arrest Plaintiff. By falsely arresting Plaintiff, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his clearly established rights under the Fourth and Fourteenth Amendment to be free from illegal seizure.

33. As a direct and proximate cause of such acts, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his Fourth Amendment rights, in violation of 42 U.S.C. Section 1983

34 WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## Second Cause of Action

### (Violation of Massachusetts Civil Rights Act: False Arrest)

35. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

36. Plaintiff was falsely arrested by Defendants Scott Roby, Thomas C. Brooks, and Frank Woods, who acted as a threat, intimidation, or coercion and forced him to give up his fundamental right to be free of unreasonable seizure.

37. By the acts and omissions described above, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his clearly established right to be free of unreasonable seizure as guaranteed under federal and state law in violation of the Massachusetts Civil Rights Act.

38. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**Third Cause of Action**

**(Violation of Fourth and Fourteenth Amendments: Excessive Force pursuant to 42 U.S.C. § 1983)**

39. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

40. At all relevant times, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods were employed by the City of Boston, Massachusetts and acted "under color of state law" within the meaning of 42 U.S.C. § 1983. In detaining Plaintiff, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods jointly and in concert used excessive and unreasonable force against Plaintiff.

41. By using excessive and unreasonable force against Plaintiff, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his clearly established rights under the Fourth and Fourteenth Amendments to be free from excessive and unreasonable force.

42. As a result of the excessive and unreasonable force that Defendants Scott Roby, Thomas C. Brooks, and Frank Woods used, Plaintiff suffered damages.

43. The actions and inactions of Defendants Scott Roby, Thomas C. Brooks, and Frank Woods which resulted in Plaintiff's injuries, were done under the color of state law and in a manner which caused Plaintiff to suffer constitutional violations. Specifically, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods violated the right of Plaintiff not to be subjected to excessive force and unlawful seizure under the Fourth and Fourteenth Amendments, which protects a citizen from the use of excessive force that is objectively unreasonable and does not serve a legitimate governmental/ law enforcement purpose. A reasonable law enforcement officer would or should have known that this constitutional right was clearly established at the time the alleged wrongful conduct occurred, and that such conduct violated that right.

44. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods operated to violate Plaintiff's civil rights as protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983.

45. The conduct of Defendants Scott Roby, Thomas C. Brooks, and Frank Woods in this matter was objectively unreasonable as well as intentional, reckless, deliberate, unjustified, excessive, gratuitous and was indicative of Defendants Scott Roby, Thomas C. Brooks, and Frank Woods disregard of a deliberate indifference to Plaintiff's wellbeing which led to the unnecessary infliction of pain and suffering, and the deprivation of Plaintiff's constitutional rights to be free from excessive force that amounts to punishment.

46. The amount of force used in this case constituted gratuitous violence and was grossly disproportionate to the need to apply force or maintain discipline, particularly in light of the minimal severity of the alleged crime, the fact that Plaintiff did not pose an immediate threat, and the fact that Plaintiff was not actively resisting arrest.

47. The force used here was not in a good faith effort to maintain or restore discipline in circumstances under haste, under pressure, and without the luxury of a second chance. Rather, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods acted excessively, intentionally, and without a legitimate law enforcement purpose.

48. As a direct and proximate result of the unlawful conduct of Defendants Scott Roby, Thomas C. Brooks, and Frank Woods, Plaintiff suffered injury from the deprivation of his civil rights as protected by the Fourteenth Amendment and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

49. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Fourth Cause of Action

### (Violation of Massachusetts Civil Rights Act: Excessive Force)

50. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

51. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods used excessive force against Plaintiff, which acted as a threat, intimidation, or coercion and forced him to give up his fundamental right, exercise, and enjoyment of a clearly established Constitutional protected activity, and to be free of unreasonable seizure.

52. By the acts and omissions described above, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his fundamental right to be free of unreasonable seizure as guaranteed under federal and state law in violation of the Massachusetts Civil Rights Act.

53. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Fifth Cause of Action

### (Assault and Battery)

54. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

55. By using excessive and unjustified force against Plaintiff, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods, jointly and in concert, intentionally and without justification or excuse caused Plaintiff to suffer physical injuries.

56. As a result of Defendants Scott Roby, Thomas C. Brooks, and Frank Woods' unjustified physical battery of Plaintiff, Plaintiff suffered damages.

57. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Sixth Cause of Action

**(Violation of Fourth and Fourteenth Amendments: Unreasonable Search pursuant to 42 U.S.C. § 1983)**

58. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

59. At all relevant times, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods were employed by the City of Boston, Massachusetts and acted "under color of state law" within the meaning of 42 U.S.C. § 1983.

60. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his right to be free from illegal search, without any probable cause of criminality or reasonable suspicion that Plaintiff was armed and dangerous, by searching Plaintiff's person.

61. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his right to be free from illegal search by searching his person and confiscating his property.

62. As a direct and proximate cause of such acts, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his Fourth and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983.

63. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**Seventh Cause of Action**

**(Violation of Massachusetts Civil Rights Act: Equal Protection)**

64. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

65. Plaintiff was unlawfully arrested by Defendants Scott Roby, Thomas C. Brooks, and Frank Woods without justification.

66. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods therefore coerced and intimidated Plaintiff and deprived him of his right to equal protection under the laws.

67. By the acts and omissions described above, Thomas C. Brooks violated Plaintiff's right to equal protection under the laws in violation of the Massachusetts Civil Rights Act.

68. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## Eighth Cause of Action

### (Violation of 42 U.S.C. § 1983: Civil Rights Conspiracy pursuant to 42 U.S.C. § 1983)

69. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

70. At all relevant times, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods were employed by the City of Boston, Massachusetts and acted "under color of state law" within the meaning of 42 U.S.C. § 1983.

71. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods acted in concert to conspire and falsely arrest and use excessive force against Plaintiff, inflicting a wrong against Plaintiff.

72. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods took overt acts to carry out their conspiracy by arresting Plaintiff without probable cause and treating him roughly, including handcuffing Plaintiff, deploying OC spray, and applying a knee to Plaintiff's neck.

73. Defendant Scott Roby's accounts of his own written narrative in his police report demonstrate that Defendant Scott Roby was attempting to cover up the unlawful arrest and in addition, his lack of not submitting a "Use of Force Report" as evidence at State Trial.

74. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods fixation on proving Plaintiff's nonexistent criminality, despite all evidence to the contrary, further demonstrates the existence of the conspiracy.

75. As a direct and proximate cause of such acts, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods violated 42 U.S.C. § 1983 by conspiring to harm Plaintiff.

76. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## Ninth Cause of Action

### (Violation of 1985(3): Civil Rights Conspiracy)

77. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

78. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods conspired to deprive Plaintiff of equal protection of the laws by falsely arresting and using excessive force.

79. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods, detained, falsely arrested, and unjustly treated Plaintiff in the manner in which they did, including by acting with force which resulted in false arrest.

80. The history of bias-based policing in Boston, Massachusetts supports the claim that Defendants Scott Roby, Thomas C. Brooks, and Frank Woods acted intentionally and with bias against Plaintiff.

81. As a direct and proximate cause of such acts, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods violated 42 U.S.C. § 1985(3).

82. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## Tenth Cause of Action

## 42 U.S.C. § 1983

## (Fourth Amendment – Duty to Intervene)

## Defendants Thomas C. Brooks and Frank Woods

83. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations

84. Plaintiff brings this claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution. Defendants Scott Roby and Frank Woods' use of force against Plaintiff was excessive.

85. Defendants Frank Woods and Thomas C. Brooks had a duty to intervene and protect Plaintiff but failed to do so in violation of Putman v. Gerloff, 639 F.2d 415 (8th Cir. 1981).

86. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## Eleventh Cause of Action

## (Supervisory Liability)

.

87. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

88. By unlawfully seizing Plaintiff, using excessive force against Plaintiff, committing equal protection violations against Plaintiff, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods violated Plaintiff's constitutional rights.

89. At all relevant times, Thomas C. Brooks, as the Patrol Supervisor, supervised Defendant Scott Roby, and Frank Woods.

90 Defendant Thomas C. Brooks, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation.

91. Defendant Thomas C. Brooks' deliberate indifference and negligent failure to provide adequate training and supervision to his employees was a direct and proximate cause of the violation of Plaintiff's rights.

92. As a result of Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deliberate indifference, Plaintiff suffered substantial damages.

93. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**Twelfth Cause of Action**

**First Amendment Retaliation**

**Pursuant to 42 U.S.C. § 1983**

94. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations

95. Plaintiff had an interest protected by the First Amendment. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of exercising his First Amendment right of "free speech."

96. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods' actions were motivated or substantially caused by the plaintiff's exercise of that right.

97. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods' actions effectively chilled the exercise of the Plaintiff's First Amendment right. Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (citing Connell v. Signoracci, 153 F.3d 74, 79 (2d Cir. 1998).

98. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

**Thirteenth Cause of Action**

**Section 1983 Action under Color of State Law – Action under Color of State Law Is Not in Dispute**

99. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

100. Pursuant to 42 U.S.C. § 1983, because Defendants Scott Roby, Thomas C. Brooks, and Frank Woods was and are officials of The State of Massachusetts, The County of Suffolk, and The City of Boston at the relevant time, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods acted under the color of state law.

101. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of his right to be free from illegal search by searching his person and confiscating his property.

102. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods deprived Plaintiff of exercising his First Amendment right of "free speech."

103. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Fourteenth Cause of Action (Deprivation of a Federal Right)

104. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations

105. At all relevant times, Defendants Scott Roby, Thomas C. Brooks, and Frank Woods were employed by the City of Boston, Massachusetts and acted "under color of state law" within the meaning of 42 U.S.C. § 1983.

106. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods conspired to deprive Plaintiff of his equal protection of the laws by falsely arresting and using excessive force against Plaintiff.

107. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### Fifteenth Cause of Action (Malicious Prosecution)

108. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations

109. The actions of Defendants Scott Roby, Thomas C. Brooks, and Frank Woods violated Plaintiff's clearly established right to be free from malicious prosecution under the Fourth Amendment.

110. As the arresting officer, defendant Scott Roby initiated the prosecution of Plaintiff, and did so without probable cause and acted with improper motives and purposes.

111. Plaintiff suffered a deprivation of liberty as a result of the prosecution. The charges against Plaintiff were dismissed at trial and, therefore, terminated favorably to Plaintiff.

112. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## Sixteenth Cause of Action (State-created Danger)

113. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations

114. The harm to Plaintiff of receiving a douse of OC spray, being hand cuffed, receiving pain compliance treatment, Plaintiff's head rammed into a brick wall, and a knee to the neck was a foreseeable and fairly direct result of Defendants Scott Roby, Thomas C. Brooks, and Frank Woods conduct.

115. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods acted with conscious disregard of the great risk of serious harm and deliberate indifference to Plaintiff.

116. There was some type of relationship between Defendant Scott Roby and Plaintiff that distinguished Plaintiff from the public at large.

117. Defendants Scott Roby, Thomas C. Brooks, and Frank Woods actions made Plaintiff more vulnerable to receiving a douse of OC spray, being hand cuffed, receiving pain compliance treatment, Plaintiff's head rammed into a brick wall, and a knee to the neck.

118. WHEREFORE Plaintiff demands judgement for money damages against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## PRAYERS FOR RELIEF

119. Plaintiff re-alleges and incorporates by reference of all preceding paragraphs.

120. That process be issued to Defendants Scott Roby, Thomas C. Brooks, and Frank Woods and that Defendants Scott Roby, Thomas C. Brooks, and Frank Woods are required to answer in the time required by law.

121 That judgment be rendered in favor of the Plaintiff and against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods on all causes of action asserted herein.

122. That Plaintiff be awarded the value of each day of the continuing seizure from April 25th, 2020, to October 7th, 2022, is $1400 a minute per Trezvant Case Damage Award Standard (Trezevant v. City of Tampa (1984) 741 F.2d 336, hn. 1).

123. That Plaintiff be awarded those damages to which it may appear that Plaintiff is entitled, including physical, mental, and emotional pain, and suffering both past and future, loss of

enjoyment of life both past and future and the violation of Plaintiff's rights guaranteed by the Fourth and Fourteenth Amendment to the Constitution of the United States.

124. Enter a declaratory judgment on behalf of Plaintiff that Defendants Scott Roby, Thomas C. Brooks, and Frank Woods policies, pattern of practices, customs, lack of supervision, failure to train, acts, and omissions, described herein, constituted excessive force in violation of the Fourth Amendment and in violation of Massachusetts state law.

125. Enter judgment on behalf of Plaintiff against Defendants Scott Roby, Thomas C. Brooks, and Frank Woods for reasonable actual damages sufficient to compensate him for the violation of his Fourth Amendment rights and rights under Massachusetts state law.

126. Permanently enjoin and prohibit Defendants Scott Roby, Thomas C. Brooks, and Frank Woods from interfering with Plaintiff's constitutional rights. Specifically, to enjoin Defendants Scott Roby, Thomas C. Brooks, and Frank Woods from:

a. Retaliating against Plaintiff or his family for bringing this lawsuit; and

b. Subjecting Plaintiff to excessive force in the future.

127. Order Defendants Scott Roby, Thomas C. Brooks, and Frank Woods to pay punitive and other exemplary damages based on 42 U.S.C. § 1983 claims;

128. Order Defendants Scott Roby, Thomas C. Brooks, and Frank Woods to pay Plaintiff's attorneys' fees and costs as authorized by 42 U.S.C. §1988; pre-judgement interest and any other relief deemed necessary and proper

129. That Plaintiff be awarded reasonable expenses including reasonable attorneys' fees and expert fees and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c).

130. That the Plaintiff receive any other further and general relief to which it may appear is entitled

131. That Plaintiff demands jury trial on all counts so triable.

John L. McCullough III   1-5-23

John L. McCullough III, Pro-se Plaintiff

Jury Demand

Plaintiff demands jury trial on all counts so triable.