United States District Court
for the
District of Massachusetts
1:22-CV-10177-RGS

---

John L. McCullough III,

Plaintiff,

-vs-

Officer Scott Roby and Officer Frank Woods,

Defendants.

---

### MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S YOUTUBE HOMEPAGE BIOGRAPHY AND ALL VIDEOS NOT CONTAINING FOOTAGE OF EITHER OF THE DEFENDANTS

1.  Plaintiff John L. McCullough III, through his attorney, Joshua O'Neill, Esq., moves *in limine* for an order excluding from admission at trial evidence of the biography on the homepage of Mr. McCullough's YouTube channel and all videos not containing footage of the Defendants.

2.  Put more precisely, Mr. McCullough moves the Court to exclude from evidence Defendants' proposed exhibits D, E, F, G, and H, as listed in the Parties' List of Exhibits to be Offered at Trial, document 102.

3.  The Court should exclude these exhibits because they are irrelevant. They are not probative of any of Defendants' defenses and certainly not of Mr. McCullough's claims. They do not show prior interactions between Mr. McCullough and either of the Defendants and they do not show any events or occurrences preceding or following Mr. McCullough's arrest on April 25, 2020.

4.  Even if the Court does find one or more of the proposed exhibits relevant, the Court should exclude them under Federal Rule of Evidence 403 because their probative value is substantially outweighed by the danger of unfair prejudice and juror confusion.

5.   Upon information and belief, Defendants intend to offer the exhibits to demonstrate Mr. McCullough's behavior toward and, by implication, his views of, law enforcement officers in general.

6.   It is for precisely that reason that the proposed exhibits are irrelevant; they are not probative of Mr. McCullough's behavior toward or views of either of the Defendants or, in the case of the proposed exhibit showing footage of Mr. McCullough interacting with law enforcement officers in Providence, Rhode Island, his behavior toward or views of the Boston Police Department.

7.   More important than that, however, they are not probative of any of Defendants' defenses. The proposed exhibits provide no reasoning as to why Defendants are not liable for the claims against them. They would, therefore, only confuse the jury and unfairly prejudice Mr. McCullough.

8.   For all of those reasons, the Court should exclude from admission at trial evidence of the biography on the homepage of Mr. McCullough's YouTube channel and all videos not containing footage of the Defendants.

Dated:  February 12, 2024
         Boston, Massachusetts

Respectfully submitted,

Joshua O'Neill, Esq.
BBO# 704512
617.356.7784
josh@bostondefender.com

The Boston Defender
www.bostondefender.com
100 Cambridge Street
14th Floor
Boston, MA 02114

- 3 -

## CERTIFICATE UNDER LOCAL RULE 7.1(a)(2)

I, Joshua O'Neill, Esq., hereby certify, subject to the penalties of perjury, that I have conferred with opposing counsel and attempted in good faith to resolve or narrow the issue(s) raised in this motion.

## CERTIFICATE OF SERVICE

I, Joshua O'Neill, Esq., hereby certify, subject to the penalties of perjury, that I have served this filing and any attachments or exhibits on counsel for Defendants via the Court's electronic filing and case management system:

Edward F. Whitesell, Jr., Esq.
City of Boston Law Department
One City Hall Plaza
Room 615
Boston, MA 02201
617-635-4045
edward.whitesell@boston.gov

_____
Joshua O'Neill, Esq.
BBO# 704512
617.356.7784
josh@bostondefender.com

The Boston Defender
www.bostondefender.com
100 Cambridge Street
14th Floor
Boston, MA 02114

- 3 -