UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-cv-10177-RGS

JOHN L. McCULLOUGH, III,

    Plaintiff,

v.

OFFICER SCOTT ROBY (personal capacity) and
OFFICER FRANK WOODS (personal capacity)

    Defendants.

## DEFENDANTS OFFICER SCOTT ROBY AND OFFICER FRANK WOODS' MOTION FOR DIRECTED VERDICT AT THE CLOSE OF PLAINTIFF'S CASE

Defendants, Officer Scott Roby ("Officer Roby") and Officer Frank Woods ("Officer Woods") (collectively the "Defendants"), respectfully move this Honorable Court pursuant to Fed. R. Civ. P. 50(a) for judgement as a matter of law in their favor as to the claims against them. On February 27, 2024, at the end of Plaintiff's case, the Court acknowledged and reserved the Defendants' rights for a Rule 50 motion until the end of the Defendants' case. Officer Roby and Officer Woods are now filing this motion to preserve their rights with the Court. As grounds for this motion the Defendants state as follows:

**I.    RULE 50(a) STANDARD.**

Pursuant to Rule 50(a), if "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may … (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1). "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury."

1

Fed. R. Civ. P. 50(a)(2). In considering a Rule 50 motion, "all of the evidence and reasonable inferences drawn from the evidence are considered in the light most favorable to the non-moving party." Malone v. Lockheed Martin Corp., 610 F.3d 16, 20 (1st Cir. 2010). "However, and crucially in this case, the plaintiff is not entitled to inferences based on speculation and conjecture." Id.

## II. PLAINTIFF FAILED TO PROVE THAT OFFICER ROBY VIOLATED HIS RIGHTS BY USING UNREASONABLE FORCE DURING PLAINTIFF'S ARREST.

To establish a Fourth Amendment excessive force claim, the Plaintiff must show that the Defendant employed force that was unreasonable under all circumstances. Graham v. Connor, 490 U.S. 386, 396 (1989). An officer authorized to make an arrest may use such force as is reasonably necessary to effect the arrest. Julian v. Randazzo, 403 N.E.2d 931, 934 (1980); accord Dean v. City of Worcester, 924 F.2d 364, 369 (1st Cir. 1991). To establish a Fourth Amendment excessive force claim, the Plaintiff must show that the Defendant employed force that was unreasonable under all circumstances. Graham, 490 U.S at 396.

Plaintiff has failed to prove by preponderance of the evidence that Officer Roby's actions were excessive under the circumstances. Plaintiff testified himself that he resisted arrest from Officer Roby, which would then warrant Officer Roby to use reasonable force to arrest Plaintiff.

## III. PLAINTIFF FAILED TO PROVE THAT OFFICER WOODS HAD A DUTY TO INTERVENE.

Officer Woods is entitled to judgment as matter of law as to the duty to intervene claim. To prove a claim for duty to intervene, Plaintiff must show that an officer had a realistic opportunity to intervene, but failed to do so when there are circumstances where a police officer fails to prevent the use of excessive force by another officer in his presence. Philippe v. Wallace, 714 F. Supp. 2d 219 (D. Mass. 2010). A police officer has a duty to intervene in cases in which a fellow officer uses excessive force because his office carries with it an affirmative duty to act.

Davis v. Rennie, 264 F.3d 86 (1st Cir. 2001). A police officer has a duty to act when he sees another officer using excessive force against an arrestee or pretrial detainee if the officer could realistically prevent that force and had sufficient time to do so. Id. See also Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990).

Here, no reasonable juror could determine that Officer Woods had a duty to intervene because Plaintiff did not provide any evidence that Officer Woods had an opportunity to intervene. Plaintiff has offered his own testimony as well as his cell phone footage from the incident. Plaintiff further testified that he was resisting arrest and that Officer Woods assisted Officer Roby with arresting him. Plaintiff has not shown that Officer Woods had a realistic opportunity to intervene never mind that Officer Woods failed to intervene. The evidence is actually the exact opposite.

### IV. PLAINTIFF FAILED TO PROVE THAT HE WAS FALSELY ARRESTED.

Plaintiff has not proven the elements of false arrest under § 1983 by a preponderance of the evidence. To prove a false arrest claim under § 1983, Plaintiff must prove that there was no probable cause to arrest him. A warrantless arrest "is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Probable cause exists "when, at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009) (quotations omitted). When an arrest is challenged on the basis of lack of probable cause, the arrest is "deemed objectively reasonable unless there clearly was no probable cause at the time the arrest was made." Sheehy v. Town of

3

Plymouth, 191 F.3d 15, 19 (1st Cir. 1999), quoting Topp v. Wolkowski, 994 F.2d 45, 48 (1st Cir. 1993). The inquiry as to whether probable cause existed for an arrest is objective, not subjective: "the probable cause inquiry is not necessarily based upon the offense actually invoked by the arresting officer but upon whether the facts known at the time of the arrest objectively provided probable cause to arrest." United States v. Jones, 432 F.3d 34, 41 (1st Cir. 2005). In other words, "probable cause need only exist as to any offense that could be charged under the circumstances." United States v. Bizier, 111 F.3d 214, 217 (1st Cir. 1997) (emphasis added). Disorderly conduct is an arrestable offense.

Plaintiff has not proven by preponderance of the evidence that Officer Roby lacked probable cause to arrest him. The videos have clearly shown that Plaintiff was acting disorderly and not complying with Officer Roby's requests to step out of the street. The videos have also shown that Plaintiff does not comply with Officer Roby's requests. By Plaintiff not complying with Officer Roby's multiple requests, Officer Roby had probable cause to arrest Plaintiff for disorderly conduct. Not only did Officer Roby have probable cause to arrest Plaintiff for disorderly conduct, but Plaintiff himself admits that he was resisting arrest. Plaintiff's own testimony and the evidence from the videos has shown that Plaintiff was resisting arrest, which is a charge in and of itself.

### V. PLAINTIFF FAILED TO PROVE THAT HE WAS MALICIOUSLY PROSECUTED BY OFFICER ROBY.

Officer Roby is entitled to judgment as a matter of law as to Plaintiff's malicious prosecution claim under federal law. A § 1983 malicious prosecution claim requires a plaintiff to prove "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Hernandez-Cuevas v. Taylor, 723 F.3d 91, 99-100 (1st Cir. 2013). If Plaintiff here has failed to prove any

4

one of these elements by a fair preponderance of the credible evidence, then he has not proven his § 1983 malicious prosecution claim. A "seizure" for purposes of a § 1983 malicious prosecution claim is generally a discrete event, quintessentially an arrest or at least a physical detention. See Terry v. Ohio, 392 U.S. 1, 16-19 (1968). The requisite legal process for a § 1983 malicious prosecution claim typically comes in the form of an arrest warrant or a subsequent charging document. See Harrington v. City of Nashua, 610 F.3d 24, 30 (1st Cir. 2010). A § 1983 malicious prosecution requires a mental state similar to common law malice. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 101-02 (1st Cir. 2013).

Here, the only evidence that Plaintiff has offered to make out a malicious prosecution claim is that the charges brought as a result from this incident were dismissed. Plaintiff has failed to prove his malicious prosecution claim.

## VI. PLAINTIFF FAILED TO PROVE THAT OFFICER ROBY VIOLATED THE PLAINTIFF'S FIRST AMENDMENT RIGHTS.

To establish a claim of first amendment retaliation under § 1983, Plaintiff must show that he 1) made a protected statement, 2) experienced an adverse action and 3) there was a causal connection between the statement and the adverse action. Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). Plaintiff has failed to show any evidence that Officer Roby arrested him for exercising his First Amendment rights.

## VII. PLAINTIFF HAS FAILED TO PROVE ANY CLAIMS UNDER THE MASSACHUSETTS CIVIL RIGHTS ACT ("MCRA").

The evidence has shown that Officer Roby did not violate the Massachusetts Civil Rights Act. To recover under the MCRA, the plaintiff must prove by a preponderance of the evidence that not only were his civil rights violated, but that those rights were interfered with by threats, intimidation or coercion, which is an "essential element" of a claim under the MCRA. Layne v.

Superintendent, Massachusetts Correctional Institution, 406 Mass. 156, 158 (1989). "The direct violation of a constitutional right does not establish a MCRA violation because 'it is not an attempt to force someone to do something the person is not lawfully required to do." Turkowitz v. Town of Provincetown, 914 F. Supp. 2d 62, 76 (D. Mass. 2012) (quoting Columbus v. Biggio, 76 F.Supp.2d 43, 54 (D. Mass.1999)); see also Gallagher v. Commonwealth, No. 00–11859–RWZ, 2002 WL 924243, at *3 (D. Mass. March 11, 2002) ("The use of force is not, in itself, coercive within the meaning of the act unless such force is inflicted in order to achieve some further purpose.")."A 'threat' means the 'intentional exertion of pressure to make another fearful or apprehensive of injury or harm.'" "'Intimidation' means putting a person in fear for the purpose of compelling or deterring his or her conduct." "'Coercion' means application of physical or moral force to another to constrain him to do against his will something he would not otherwise do." Santiago v. Keyes, 2012 WL 3596968, 3 (D. Mass. 2012) (quoting Goddard v. Kelley, 629 F. Supp. 2d 115, 128 (D. Mass. 2009)).

Here, Plaintiff did not provide any evidence, through his own testimony or his video, that Officer Roby violated his civil rights therefore Plaintiff cannot prove that his rights were interfered with by threats, intimidation or coercion. Plaintiff did not provide any evidence that Officer Roby intended to threaten, intimate or coerce Plaintiff.

### VIII. CONCLUSION.

WHEREFORE, defendants Officer Scott Roby and Officer Frank Woods respectfully request that this Honorable Court grant their motion for judgment as a matter of law at the close of the Plaintiff's case, enter judgment of dismissal on the remaining claims, and grant such other and further relief as this Court deems just and proper.

Dated: February 27, 2024         Respectfully submitted,

DEFENDANTS,
SCOTT ROBY and FRANK WOODS

By their attorney,

Adam N. Cederbaum
Corporation Counsel


/s/ Bridget I. Davidson
Edward F. Whitesell, Jr. (BBO#644331)
Senior Assistant Corporation Counsel
Bridget I. Davidson (BBO#710244)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4045 (Whitesell)
(617) 635-3238 (Davidson)
edward.whitesell@boston.gov
bridget.davidson@boston.gov

## CERTIFICATE OF SERVICE

    I, Bridget I. Davidson, hereby certify that on February 27, 2024, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

/s/ Bridget I. Davidson
Bridget I. Davidson