# ASSAULT AND BATTERY ON A POLICE OFFICER OR PUBLIC EMPLOYEE

G.L. c. 265, § 13D

The defendant is charged with having committed an assault and battery on a public employee.[1]

### I. INTENTIONAL ASSAULT AND BATTERY

To prove the defendant guilty of committing an intentional assault and battery on a public employee, the Commonwealth must prove six things beyond a reasonable doubt.

*First*:　　That the defendant touched the person of __[the alleged victim]__ ;

*Second*:　　That the defendant intended to touch __[the alleged victim]__ ;

---

[1] While the Court may refer to the victim as a "police officer" in its instructions, the Commonwealth's burden is to prove the victim was a public employee, which includes a police officer. The offenses in G.L. c. 265, § 13D that specifically reference police officers (disarming a police officer; causing serious bodily injury to a police officer) are not within the jurisdiction of the District Court. See G.L. c. 218, § 26.

*Third*: **That the touching was *either* likely to cause bodily harm to   [the alleged victim]  , *or* was offensive;**

*Fourth*: **That   [the alleged victim]    was a public employee;**

*Fifth*: **That   [the alleged victim]    was engaged in the performance of their duties at the time of the alleged incident; and**

*Sixth*: **That the defendant knew that   [the alleged victim]   was a public employee engaged in the performance of their duties at the time of the alleged incident.**

**To prove the first element, the Commonwealth must prove beyond a reasonable doubt that the defendant touched   [the alleged victim] .  A touching is any physical contact, however slight.**

> Where there is evidence that the touching may be justified by a legally recognized "right" or "excuse," the jury should be instructed with the specific "right" or "excuse" instructions (e.g., accident (9.100); necessity (9.240); self-defense (9.260).  See *Commonwealth v. Wood*, 90 Mass. App. Ct. 271, 286 (2016) (where evidence did not raise a claim of right or excuse, the jury need not consider whether the touching was without right or excuse); *Commonwealth v. Conley*, 34 Mass. App. Ct. 50, 58 (1993) (where no evidence of self-defense, jury need not be instructed that right or excuse may justify the touching).

*If the touching was indirect.*  **A touching may be direct as when a person strikes another, or it may be indirect as when a**

**person sets in motion some force or instrumentality that strikes another.**

**To prove the second element, the Commonwealth must prove beyond a reasonable doubt that the defendant intended to touch  [the alleged victim]  , in the sense that the defendant consciously and deliberately intended the touching to occur, and that the touching was not merely accidental or negligent.**

*If additional language on intent is appropriate.*  **The Commonwealth is not required to prove that the defendant specifically intended to cause injury to   [the alleged victim]   .**

*Commonwealth v. Ford*, 424 Mass. 709, 711 (1997) (assault and battery is a general intent crime and does not require specific intent to injure the victim, but its intentional branch requires an intentional touching, and not merely an intentional act resulting in a touching); *Commonwealth v. Musgrave*, 38 Mass. App. Ct. 519, 521 (1995) (approving instruction for threatened-battery branch of assault that "when we say intentionally we mean that [defendant] did so consciously and voluntarily and not by accident, inadvertence or mistake"), aff'd, 421 Mass. 610 (1996); *Commonwealth v. Collberg*, 119 Mass. 350, 353 (1876) (mutual consent is no defense to cross-complaints of assault and battery; "such license is void, because it is against the law").

**To prove the third element, the Commonwealth must prove beyond a reasonable doubt that the touching was either likely to cause bodily harm to   [the alleged victim]  , or was offensive.  A touching is offensive when it is without consent.**

*Commonwealth v. Burke*, 390 Mass. 480, 484 (1983) (in a prosecution for a nonharmful battery, the Commonwealth must prove that the touching was nonconsensual); *Commonwealth v. Hartnett*, 72 Mass. App. Ct. 467, 477 (2008) ("what makes the touching offensive is not that it is an affront to the victim's personal integrity as the defendant posits, but only that the victim did not consent to it. Nothing more is required.")

**To prove the fourth element, the Commonwealth must prove beyond a reasonable doubt that   [the alleged victim]   was a public employee.  A public employee is a person hired by a federal, state, or municipal governmental body; or a person appointed or elected to serve in a position in government.  The employment may be full or part-time, and it may be on either a temporary or permanent basis.  It may be paid or unpaid.  It does not include people who are employed by a private business doing work under contract with a governmental body.**

While there is no definition of "public employee" in G.L. c. 265, § 13D, a number of statutes define the term "employee" in a public context.  Consider G.L. c. 32, § 1, G.L. c. 23D, § 1, G.L. c. 150A, § 2, G.L. c. 150E, § 1, G.L. c. 158, § 1, if additional guidance is needed.

**To prove the fifth element, the Commonwealth must prove beyond a reasonable doubt that   [the alleged victim]   was engaged in the performance of their duties at the time of the alleged offense.  It is not sufficient for the Commonwealth to prove that   [the alleged victim]**

**was a public employee. They must be performing the duties of the job at the time of the alleged offense.**

**To prove the sixth element, the Commonwealth must prove beyond a reasonable doubt that the defendant knew that   [the alleged victim]   was a public employee engaged in the performance of their duties at the time of the alleged incident. It is not enough to prove that a prudent person would have known or believed that   [the alleged victim]   was engaged in the performance of their duties as a public employee. To help you determine whether the defendant knew   [the alleged victim]   was a public employee engaged in the performance of their duties, you may examine any evidence regarding the defendant's actions or words, and all of the surrounding circumstances.**

**If the Commonwealth has proved all six elements of an intentional assault and battery on a public employee beyond a reasonable doubt, you should return a verdict of guilty. If the Commonwealth has failed to prove one or more of the elements beyond a reasonable doubt, you must find the defendant not guilty.**

## II.  RECKLESS ASSAULT AND BATTERY

A.  *If intentional assault and battery instruction was already given.*  **There is a second way in which a person may be guilty of an assault and battery. Instead of intentional conduct, it involves reckless conduct that results in bodily injury.**

B.  *If intentional assault and battery instruction was not already given*.  **The defendant is charged with having committed an assault and battery on a public employee by reckless conduct.**

**To prove the defendant guilty of an assault and battery on a public employee by reckless conduct, the Commonwealth must prove five things beyond a reasonable doubt:**

*First:*   **That the defendant intentionally engaged in actions which caused bodily injury to   [the alleged victim]  ;**

*Second*:   **That the defendant's actions amounted to reckless conduct;**

*Third*:   **That   [the alleged victim]   was a public employee;**

**Fourth**: That __[the alleged victim]__ was engaged in the performance of their duties at the time of the alleged incident.

**Fifth**: That the defendant knew __[the alleged victim]__ was a public employee engaged in the performance of their duties at the time of the alleged incident.

To prove the first element, the Commonwealth must prove beyond a reasonable doubt that the defendant intended the act or acts that caused bodily injury. In other words, the Commonwealth must prove that the defendant consciously and deliberately intended the act or acts to occur and that (it was) (they were) not accidental.

The Commonwealth must also prove beyond a reasonable doubt that the defendant's actions caused bodily injury to __[the alleged victim]__. To qualify, the bodily injury must be sufficiently serious to interfere with the alleged victim's health or comfort. It need not be permanent, but it must be more than trifling. For example, an act that only shakes up a person or causes only momentary discomfort would not be sufficient.

> *Commonwealth v. Burno*, 396 Mass. 622, 625-627 (1986) ("the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or

bodily injury to another"; injury must have "interfered with the health or comfort of the victim. It need not have been permanent, but it must have been more than transient and trifling. For example, if an alleged victim were shaken up but by his own admission not injured, or if an alleged victim were to have a sore wrist for only a few minutes, the 'injury' in each instance would be transient and trifling at most.") (citation omitted).

**To prove the second element, the Commonwealth must prove beyond a reasonable doubt that the defendant acted recklessly. It is not enough for the Commonwealth to prove that the defendant acted negligently – that is, acted in a way that a reasonably careful person would not. It must be shown that the defendant's actions went beyond mere negligence and amounted to recklessness.**

**The defendant acted recklessly if they knew, or should have known, that their actions were very likely to cause substantial harm to someone, but they ran that risk and went ahead anyway. The Commonwealth need not prove that the defendant intended to injure or strike   [the alleged victim]    or that the defendant foresaw the harm that resulted, or that they were conscious of the serious danger that was inherent in such conduct. It is enough if a reasonable person, under the circumstances as they were known to the defendant, would have recognized that such actions were so dangerous that it was very likely that they would result in a substantial injury to another person.**

*Commonwealth v. Grey*, 399 Mass. 469, 472 n.4 (1987) ("'The standard of wanton or reckless conduct is at once subjective and objective' . . . . It depends on what the defendant

knew (subjective) and how a reasonable person would have acted (objective) knowing those facts.") (quoting *Commonwealth v. Welansky*, 316 Mass. 383, 398 (1944)).

*If additional language on intent is appropriate.* **The Commonwealth is not required to prove that the defendant specifically intended to cause injury to [the alleged victim].**

**To prove the third element, the Commonwealth must prove beyond a reasonable doubt that [the alleged victim] was a public employee. A public employee is a person hired by a federal, state, or municipal governmental body; or a person appointed or elected to serve in a position in government. The employment may be full or part-time, and it may be on either a temporary or permanent basis. It may be paid or unpaid. It does not include people who are employed by a private business doing work under contract with a governmental body.**

While there is no definition of "public employee" in G.L. c. 265, § 13D, a number of statutes define the term "employee" in a public context. Consider G.L. c. 32 § 1, G.L. c. 23D, § 1, G.L. c. 150A, § 2, G.L. c. 150E, § 1, G.L. c. 158, § 1 if additional guidance is needed.

**To prove the fourth element, the Commonwealth must prove beyond a reasonable doubt that [the alleged victim] was engaged in**

**the performance of their duties at the time of the alleged offense.  It is not sufficient for the Commonwealth to prove that   [the alleged victim]   was a public employee.  They must be performing the duties of the job at the time of the alleged offense.**

**To prove the fifth element, the Commonwealth must prove beyond a reasonable doubt that the defendant knew that   [the alleged victim]   was a public employee engaged in the performance of their duties at the time of the alleged incident.  It is not enough to prove that a prudent person would have known or believed that   [the alleged victim]   was engaged in the performance of their duties as a public employee.  To help you determine whether the defendant knew   [the alleged victim]   was a public employee engaged in the performance of their duties, you may examine any evidence regarding the defendant's actions or words, and all of the surrounding circumstances.**

**If the Commonwealth has proved all five elements of the charge of reckless assault and battery beyond a reasonable doubt, you should return a verdict of guilty.  If the Commonwealth has failed to prove one or more of the elements beyond a reasonable doubt, you must find the defendant not guilty.**

SUPPLEMENTAL INSTRUCTIONS

1. Right of Self Defense when Public Employee is a Police Officer.

**People are allowed to use reasonable force to protect themselves from physical harm when excessive or unnecessary force is used. A police officer may not use excessive or unnecessary force in carrying out official duties. If a police officer uses excessive or unnecessary force to carry out official duties, people may defend themselves with as much force as reasonably appears necessary. If there is evidence that the police officer used excessive or unnecessary force, the Commonwealth must prove beyond a reasonable doubt that the defendant did not act in self-defense.**

**To prove that the defendant did not act in self-defense, the Commonwealth must prove at least one of the following four things beyond a reasonable doubt:**

**First:    That the police officer did not use excessive or unnecessary force; or**

**Second:  That the defendant did not reasonably believe that the police officer was using excessive or unnecessary force that put the defendant's personal safety in immediate danger; or**

**Third:  That the defendant did not do everything that was reasonable in the circumstances to avoid physical combat before resorting to force; or**

**Fourth:  That the defendant used more force to defend themself than was reasonably necessary in the circumstances.**

**If there is evidence of self-defense and the Commonwealth has failed to prove one or more of these things beyond a reasonable doubt, you must find the defendant not guilty.**

Where the alleged victim is a police officer, a defendant is entitled to this instruction if, taking all reasonable inferences in favor of the defendant, there is sufficient evidence of self-defense to raise the issue.  See *Commonwealth v. Graham*, 62 Mass. App. Ct. 642, 651 (2004), citing *Commonwealth v. Pike*, 428 Mass. 393, 395 (1998) and *Commonwealth v. Harrington*, 379 Mass. 446, 450 (1980); *Commonwealth v. Francis*, 24 Mass. App. Ct. 576, 579 (1987)..

2. Victim injured while escaping.  **The defendant may be convicted of assault and battery if the Commonwealth has proved beyond a reasonable doubt that the defendant caused   [the alleged victim] reasonably to fear an immediate attack from the defendant, which**

> **then led   [the alleged victim]   to try to escape from the defendant, and in doing so injured themself.**
>
> *Commonwealth v. Parker,* 25 Mass. App. Ct. 727, 731, 734, rev. denied, 402 Mass. 1104 (1988)

NOTES:

1. **Lesser included offenses.** Assault and battery is a lesser included offense of assault and battery on a public employee. *Commonwealth v. Rosario*, 13 Mass. App. Ct. 920, 920 (1982) (it was error to deny the defendant's request for a lesser included instruction where the evidence was in dispute about whether the alleged victim is a public employee). Likewise, the model instruction does not separately define assault, since "[e]very battery includes an assault" as a lesser included offense. *Commonwealth v. Burke*, 390 Mass. 480, 482 (1983); see *Commonwealth v. Porro*, 458 Mass. 526, 533-35 (2010). If the evidence would also permit a jury finding of simple assault, the jury should be instructed on lesser included offenses (Instruction 2.280), followed by Instruction 6.120 (Assault), beginning with the second paragraph.

2. **No verdict slip or specific unanimity instruction required where both intentional and reckless assault and battery are alleged.** Where the evidence warrants instructing on both intentional assault and battery and reckless assault and battery, the jurors need not be unanimous on whether the assault and battery was intentional or reckless. The judge, therefore, need not give a specific unanimity instruction or provide verdict slips for the jury to indicate the basis of its verdict. *Commonwealth v. Mistretta*, 84 Mass. App. Ct. 906, 906-07, rev. denied, 466 Mass. 1108 (2013). This is because "the forms of assault and battery are . . . closely related subcategories of the same crime." *Id*. at 907. "Specific unanimity is not required, because they are not 'separate, distinct, and essentially unrelated ways in which the same crime can be committed.' " *Id*., quoting *Commonwealth v. Santos*, 440 Mass. 281, 288 (2003).

3. **Knowledge of alleged victim's status**. Under the intentional prong of assault and battery, the Commonwealth must prove that the defendant intended to strike a public employee. *Commonwealth v. Rosario*, 13 Mass. App. Ct. 920, 920 (1982). Even though the statute does not specifically provide for scienter as an element of the offense, older cases suggest that knowledge of the officer's identity was required to establish the common law offense and have continued to include this requirement under the statutory offense. See *Commonwealth v. Kirby*, 2 Cush. 577, 579, 581–582 (1849); *Commonwealth v. Hurley*, 99 Mass. 433, 434 (1868); *Commonwealth v. Sawyer*, 142 Mass. 530, 533 (1886). See also C*ommonwealth v. Deschaine*, 77 Mass. App. Ct. 506, 514-515 (2010) ("assault and battery upon a person of a certain type requires that the defendant know that the other is of a certain type"); *Commonwealth v. Moore*, 36 Mass. App. Ct. 455, 461 (1994), citing *Commonwealth v. Francis,* 24 Mass. App. Ct. 576, 577 (1987) ("the officer must be engaged in the performance of his duties at the time and the defendant must know that the victim was an officer engaged in the performance of his duties").

While the statute has been amended to require proof of assault and battery upon a "public employee" and no longer contains references to specific listed employees, the language of the statute interpreted by the courts requiring knowledge has remained unchanged. See St. 1990, c. 498.

Assault and battery on a public employee may be done recklessly as well as intentionally, and intent to strike the public employee, which is required under the intentional assault and battery theory, is not required under the recklessness analysis. *Commonwealth v. Correia*, 50 Mass. App. Ct. 455, 457-58 (2000). However, appellate decisions have assumed, without deciding, even under the reckless branch,

that the defendant must know that the victim is a police officer or public employee engaged in the performance of his or her duty at the time of the alleged incident. *Id*. at 459 n.6.

   4.   **Transferred intent**. Where this offense requires an intent to strike a public employee, a defendant who inadvertently strikes a police officer while intending to strike someone else may be convicted only of the lesser included offense of assault and battery. *Commonwealth v. Rosario*, 13 Mass. App. Ct. 920, 920 (1982).

   5.   **Engaged in the performance of his or her duty.** Acting under mutual aid agreement pursuant to G.L. c. 40, § 8G warrants finding police officer was "engaged in the performance of his duty" while responding in a neighboring town. *Commonwealth v. McCrohan*, 34 Mass. App. Ct. 277, 281 (1993).

   6.   **Medical testimony.** In a prosecution for assault and battery, medical testimony about the victim's injuries is admissible to establish that the defendant's assault on the victim was intentional and not accidental. *Commonwealth v. Gill*, 37 Mass. App. Ct. 457, 463-64 (1994).

   7.   **Related offenses; police officers**. General Laws c. 265, § 13D provides enhanced penalties where the Commonwealth also proves that the assault and battery included an attempt to disarm a police officer in the performance of the officer's duties, or where the assault and battery resulted in serious bodily injury to a police officer. These offenses are not within the final jurisdiction of the District Court. A police officer is a public employee and an assault and battery on a police officer may be prosecuted as such within the District Court.
   General Laws c. 127, § 38B sets forth the separate offense of assault or assault and battery on a correctional officer, which is within the final jurisdiction of the District Court. St. 2010, c. 74.

   8.   **Statement of reasons required if imprisonment not imposed.** A jury session judge sentencing for this or one of the other crimes against persons found in G.L. c. 265 who does not impose a sentence of incarceration "shall include in the record of the case specific reasons for not imposing a sentence of imprisonment," which shall be a public record. G.L. c. 265, § 41.