UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10177-RGS

JOHN MCCULLOUGH

v.

SCOTT ROBY and FRANK WOODS

MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR NEW TRIAL
AND DEFENDANT'S MOTION FOR
JUDGMENT AS A MATTER OF LAW

October 11, 2024

STEARNS, D.J.

Following a three-day trial, a jury returned a verdict against defendant Officer Scott Roby (Officer Roby), finding him liable under 42 U.S.C. § 1983 for instituting a malicious prosecution of plaintiff John McCullough. The jury awarded McCullough $5,000.[1]

Officer Roby asks the court to enter a judgment as a matter of law dismissing the § 1983 claim of malicious prosecution pursuant to Federal Rule of Civil Procedure 50(b). He argues that: (1) McCullough offered no

---

[1] The jury found Officer Roby not liable on McCullough's claims of excessive force, false arrest, and First Amendment retaliation. Officer Roby's partner, defendant Officer Frank Woods, was found not liable on all claims.

evidence that he suffered a deprivation of liberty sufficient to satisfy the seizure requirement of the Fourth Amendment post-criminal complaint; and (2) no reasonable juror could have concluded that Officer Roby had probable cause at the time of arrest but no longer had probable cause at the time that he initiated the criminal complaint. *See* Def.'s Mem. of Law in Supp. of Mot. for J. as a Matter of Law (Def.'s Mem.) (Dkt # 151) at 1-3.

McCullough moves for a new trial on all claims submitted to the jury pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). He argues that: (1) the jury's verdict was internally inconsistent because it found Officer Roby liable for malicious prosecution while simultaneously finding no Fourth Amendment violation related to his arrest; and (2) the court committed reversible error by refusing to give the jury his requested instruction on punitive damages. Pl.'s Mem. of Law in Supp. of Mot. for a New Trial (Pl.'s Mem) (Dkt # 153) at 2, 5.

For the following reasons, the court will deny Officer Roby's Motion for Judgment as a Matter of Law and McCullough's Motion for a New Trial.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 50(b), a jury "verdict should be set aside only if the jury failed to reach the only result permitted by the evidence." *Lestage v. Coloplast Corp.*, 982 F.3d 37, 46 (1st Cir. 2020),

quoting *Analysis Grp., Inc. v. Cent. Fl. Invs., Inc.*, 629 F.3d 18, 22 (1st Cir. 2010). In deciding a Rule 50(b) motion, the court construes the "facts in the light most favorable to the jury verdict, draw[s] any inferences in favor of the non-movant, and abstain[s] from evaluating the credibility of the witnesses or the weight of the evidence." *Suero-Algarín v. CMT Hosp. Hima San Pablo Caguas*, 957 F.3d 30, 37 (1st Cir. 2020).

A district court's power to grant a motion for a new trial "is much broader than its power to grant a JMOL." *Jennings v. Jones,* 587 F.3d 430, 436 (1st Cir. 2009). The court may grant a motion for a new trial, pursuant to Federal Rule of Civil Procedure 59(a), "if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice." *Thomas & Betts Corp. v. New Albertson's, Inc.*, 915 F.3d 36, 60 (1st Cir. 2019), quoting *Teixeira v. Town of Coventry*, 882 F.3d 13, 16 (1st Cir. 2018). In adjudicating a Rule 59(a) motion, "[t]he court may, though it is not required to, weigh the evidence and credibility of the testimony." *Mejias-Aguayo v. Doreste-Rodriguez*, 863 F.3d 50, 54 (1st Cir. 2017).

## DISCUSSION

### 1. Inconsistent Jury Verdict

Officer Roby and McCullough contend that the jury verdict was internally inconsistent because the finding of probable cause with respect to

3

the malicious prosecution claim allegedly contradicts the finding of no probable cause with respect to the Fourth Amendment seizure claim. Both Officer Roby's and McCullough's arguments are based on the same mistaken conflation of the differing probable cause standards that apply to the separate and distinct claims. "Probable cause" to make an arrest is a far less exacting standard than any test implying a degree of relative certainty, or even a "more likely than not" view of the evidence, and must be evaluated by what is known to the officer at the time of the arrest, even if subsequent events prove him wrong in his assessment. *See United States v. Melvin*, 596 F.2d 492, 495 (1st Cir. 1979); *Commonwealth v. Wilkerson*, 436 Mass. 137, 140 (2002). In a malicious criminal prosecution context, on the other hand, the probable cause determination is more exacting. *See Meehan v. Town of Plymouth*, 167 F.3d 85, 89 (1st Cir. 1999) (emphasizing that the proper inquiry in a case of alleged malicious prosecution is not whether defendants had probable cause to arrest the plaintiff, but whether they had probable cause to initiate criminal charges); *Gutierrez v. Massachusetts Bay Transp. Auth.*, 437 Mass. 396, 406 (2002) (same).

> Consistent with the law, the court instructed the jury:
>
> Malicious prosecution under federal law means instituting and wrongfully maintaining a criminal prosecution against an arrested person despite knowing that there is no probable cause to do so. To prevail, a plaintiff must also show that he suffered a deprivation of

4

> liberty because of the legal proceeding, and that the criminal prosecution was resolved in his favor. These last two elements are not in dispute. As I explained in introducing the case to you, the charges against Mr. McCullough were dismissed after a trial in the state district court. The focus rather is on the issue of probable cause. The dismissal of the charges in the state court has no conclusive bearing on this issue because of the difference between proof beyond a reasonable doubt required for a criminal conviction and the significantly lesser burden of probable cause required for an arrest. Probable cause means "reasonable cause," something less exacting than proof by a preponderance of the evidence or proof beyond a reasonable doubt.

Tr. Day 3 (Dkt # 138) at 64:6-23.

The jury was asked:

> Q.3. Do you find by a preponderance of the evidence that Officer Scott Roby arrested John McCullough without probable cause on April 25, 2020, in violation of federal and state law?
> A.3. No
>
> Q.4. Do you find by a preponderance of the evidence that Officer Scott Roby instituted a malicious prosecution of John McCullough without probable cause following his arrest on April 25, 2020, in violation of federal law?
> A.4. Yes.

(Dkt # 134) at 2.

When a court is reviewing claims of inconsistency between general civil jury verdicts, there is no "compulsion of a procedural rule to determine such inconsistency." *Merch. v. Ruhle*, 740 F.2d 86, 89 (1st Cir. 1984). The court is "reluctant to order a new trial on the basis of inconsistent jury verdicts." *Davignon v. Hodgson*, 524 F.3d 91, 109 (1st Cir. 2008). When a party claims that jury verdicts are inconsistent, the court "attempt[s] to reconcile the

5

jury's findings, by exegesis if necessary." *Acevedo-Diaz v. Aponte*, 1 F.3d 62, 74 n. 15 (1st Cir.1993), quoting *Gallick v. Baltimore & Ohio R. Co.*, 372 U.S. 108, 119 (1963). This exercise involves determining whether the jury could have, consistent with its instructions, rendered the challenged verdicts. *See Merch.*, 740 F.2d at 91.

In the court's view, there was no inconsistency between the jury's verdicts. Rather, the jury carefully followed the court's instruction to assess each claim separately with respect to the element of probable cause. Given the instruction, a reasonable jury could have determined in answering Question 3 that Officer Roby had probable cause to arrest McCullough. For example, McCullough himself testified that he was standing in the travel lane of Blue Hill Avenue and resisted arrest. Both McCullough and Officer Roby contend that there was no evidence of a change in circumstances or facts between the arrest and initiation of the prosecution. Def.'s Mem. at 2-3; Pl.'s Mem. at 4. However, a reasonable jury — understanding from the jury instructions that there is a "significantly lesser burden of probable cause required for an arrest" — could have found for Question 4 that Officer Roby did not have probable cause to institute a malicious prosecution of McCullough after having had the opportunity, if only from the passage of time, to more carefully evaluate the evidence. *See ITyX Sol.AG v. Kodak*

*Alaris, Inc.*, 952 F.3d 1, 11 (1st Cir. 2020) (noting "[w]here there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way"), quoting *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962); *Connelly v. Hyundai Motor Co.*, 351 F.3d 535, 541-542 (1st Cir. 2003) (reconciling verdicts because "jury's efforts to apply the instructions were understandable and had some basis in the evidence"), quoting *Merch.*, 740 F.2d at 91. As such, a new trial is not warranted.[2] The motion for judgment as a matter of law also fails.

  2. *Punitive Damages*

McCullough also argues that the court committed reversible error by refusing to instruct the jury on an award of punitive damages because the request for such an instruction "was correct as a matter of substantive law." Pl.'s Mem. at 5. Punitive as well as compensatory damages may be awarded against an individual defendant in a proper action brought under § 1983. *See Carlson v. Green*, 446 U.S. 14, 22 (1980). Punitive damages, however, are "not favored in the law" and are "allowed only with caution." *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 508 (1st Cir. 1996). The possible award of punitive damages should be put to the jury only when a plaintiff has

---

  [2] There is a "substantial reluctance to consider inconsistency in civil jury verdicts a basis for new trials." *McIsaac v. Didriksen Fishing Corp.*, 809 F.2d 129, 133 (1st Cir. 1987), quoting *Merch.*, 740 F.2d at 91.

made an adequate showing that a defendant's conduct was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The test is a subjective one and focuses on whether a defendant acted "in the face of a perceived risk that [his] actions [would] violate federal law." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999). Malice and reckless indifference do not concern a defendant's knowledge that he is acting intentionally, but rather his knowledge that he is acting in violation of federal law. *See McDonough v. City of Quincy,* 452 F.3d 8, 24 (1st Cir. 2008).

McCullough, suggesting that the court relied exclusively on *Kolstad* in ruling out punitive damages, argues that *Kolstad* instead "explains that a defendant's conscious or perceived risk of violating a plaintiff's constitutional rights entitles the plaintiff to an instruction on punitive damages; a defendant's subjective intent to violate a plaintiff's constitutional rights is not required." Pl.'s Mem. at 5. However, in *Kolstad,* the Supreme Court held that punitive damages are only to be awarded "in the face of a perceived risk that [his] actions [would] violate federal law."[3] *Kolstad*, 527

---

[3] The First Circuit has long applied the *Kolstad* standard to § 1983 claims for punitive damages. *See Mendez-Matos v. Mun. of Guaynabo*, 557 F.3d 36, 48 (1st Cir. 2009).

8

U.S. at 536. As the Court made clear, this is a subjective standard. *Id.* at 536-537.

Here, there was no evidence that Officer Roby knowingly acted "in the face of a perceived risk that [his] actions [would] violate federal law." *Kolstad*, 527 U.S. at 536. The evidence was to the contrary. Officer Roby testified that he believed he was always acting within his authority as a police officer and that he was taking care not to violate any perceived constitutional right of McCullough. This is best highlighted by the fact that Officer Roby did not do anything to try to seize the video from McCullough or otherwise try to intimidate or influence what McCullough chose to post on his YouTube page. Given the dearth of evidence of evil motive or intent, or callous indifference on Officer Roby's part, no instruction on punitive damages was warranted and hence no error resulted. *See McKinnon*, 84 F.3d at 508.

### 3. *Post-Criminal Complaint Deprivation of Liberty*

Officer Roby contends that McCullough failed to provide evidence that he suffered a post-criminal complaint deprivation of liberty sufficient to satisfy the seizure requirement of the Fourth Amendment. Pl's Mem. at 1. Officer Roby analogizes to *Nieves v. McSweeney*, 241 F.3d 46 (1st Cir. 2001), to support his argument.

In a malicious prosecution case brought under § 1983, the plaintiff, besides satisfying the elements of the common-law tort of malicious prosecution, must also "show a deprivation of liberty, pursuant to legal process, that is consistent with the concept of a Fourth Amendment seizure." *Moreno-Medina v. Toledo*, 458 F. App'x 4, 7 (1st Cir. 2012), quoting *Harrington v. City of Nashua*, 610 F.3d 24, 30 (1st Cir. 2010). "[T]he constitutional violation lies in the deprivation of liberty accompanying the prosecution rather than in the prosecution itself." *Moreno-Medina*, 458 F. App'x at 7 (internal quotation marks and citations omitted).

Typically, the alleged deprivation takes "the form of an arrest warrant (in which case the arrest would constitute the seizure) or a subsequent charging document (in which case the sum of post-arraignment deprivations would comprise the seizure)." *Id.*, quoting *Nieves*, 241 F.3d at 54. The plaintiff must therefore show "some post-arraignment deprivation of liberty, caused by the application of legal process, that approximates a Fourth Amendment seizure." *Moreno-Medina*, 458 F. App'x at 7, quoting *Nieves*, 241 F.3d at 54. He must do more than simply allege that he was "forced to attend court proceedings, notify the court of a change in address, or refrain from committing further crimes." *Moreno-Medina*, 458 F. App'x at 7. Rather, the plaintiff must allege that he was "in some way forced to yield to

10

the assertion of authority over him and thereby [had] his liberty restrained, for example by being detained or having his travel restricted." *Id.* at 8 (internal quotation marks and citations omitted).

In *Nieves*, the First Circuit held that "run-of-the-mill conditions of pretrial release," such as being required to appear in court, do not constitute a "seizure" for Fourth Amendment purposes. *Nieves*, 241 F.3d at 55. The plaintiffs were arrested without a warrant, taken to the police station, and detained for approximately two hours, at which point one was released on a $25 bond and the other was released on her own recognizance. *Id.* at 49. Since the plaintiffs were arrested without a warrant, their arrests, which antedated any legal process, could not be part of the Fourth Amendment seizure upon which they based their § 1983 malicious prosecution claims. *Id.* at 54. Because the plaintiffs were not held after the initiation of criminal proceedings, required to post a monetary bond upon arraignment, subjected to restrictions on their travel, or otherwise exposed to any significant deprivation of liberty (even though they were required to appear several times at the court's behest, including to appear for trial), the First Circuit reasoned that these conditions of pretrial release to which the plaintiffs were subjected "d[id] not approach the level necessary to constitute a Fourth Amendment seizure." *Id.* at 56.

11

Officer Roby asserts that the facts of this case "are on all fours with those in *Nieves*." Def.'s Mem. at 10. Here, Officer Roby initiated prosecution of McCullough the night that he arrested him, by applying for a criminal complaint. McCullough was charged with assault and battery, resisting arrest, and disorderly conduct. As a result, however, McCullough was required to appear in court four to five times and remained on conditions of release as stipulated by the Dorchester Court for 30 months until he was acquitted after a trial in state court. These restrictions would appear to the court sufficient to satisfy the deprivation of liberty element of the tort. *Cf. Britton v. Maloney*, 196 F.3d 24, 29 (1st Cir. 1999) (plaintiff's prosecution entailed no restrictions on his liberty other than the legal obligation to appear in court).

Assuming, however, that there is some heft to Officer Roby's claim that McCullough failed to show a material deprivation of liberty, he failed to raise the issue in his Rule 50(a) motion. *See* Def.'s Mot. for a Directed Verdict (Dkt # 130); Def.'s Renewed Mot. for a Directed Verdict (Dkt # 131). The First Circuit has "held in no uncertain terms" that a "failure to raise an issue prior to a Rule 50(b) motion for judgment as a matter of law, without more, results in a waiver of that issue on appeal." *Jones ex rel. United States v. Massachusetts Gen. Hosp.*, 780 F.3d 479, 487 (1st Cir. 2015), quoting *Muñoz*

12

*v. Sociedad Española De Auxilio Mutuo y Beneficiencia De Puerto Rico*, 671 F.3d 49, 58 (1st Cir.2012).  A "movant cannot use a [Rule 50(b)] motion as a vehicle to introduce a legal theory not distinctly articulated in its [Rule 50(a) motion]." *Cornwell Ent., Inc. v. Anchin, Block & Anchin, LLP*, 830 F.3d 18, 25 (1st Cir. 2016) (second alteration in original), quoting *Parker v.* Gerrish, 547 F.3d 1, 12 (1st Cir. 2008).

While Officer Roby contends that in his Rule 50(a) motion, he "cited caselaw requiring a seizure of Plaintiff ***pursuant to*** legal process," Def.'s Mem. at 11, the Rule 50(a) motion nowhere specifically addresses the above legal theory.  *See RFF Fam. P'ship, LP v. Ross*, 814 F.3d 520, 536 (1st Cir. 2016) (noting that a Rule 50(a) motion "must be sufficiently specific so as to apprise the district court of the grounds relied on in support of the motion"), quoting *T G Plastics Trading Co. v. Toray Plastics (Am.), Inc.*, 775 F.3d 31, 39 (1st Cir. 2014).  Instead, Officer Roby merely alleged that "the only evidence that Plaintiff has offered to make out a malicious prosecution claim is that the charges brought as a result from this incident were dismissed," and recited the elements of a § 1983 malicious prosecution claim that a plaintiff is required to prove, noting that "[t]he requisite legal process for a § 1983 malicious prosecution claim typically comes in the form of an arrest warrant or a subsequent charging document."  *See* Def.'s Mot. for a Directed

13

Verdict at 4-5; Def.'s Renewed Mot. for a Directed Verdict at 5-6. Officer Roby therefore waived this post-criminal complaint deprivation of liberty argument by not including it in the Rule 50(a) motion.

## ORDER

For the foregoing reasons, McCullough's motion for a new trial and Officer Roby's motion for judgment as a matter of law are <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE