UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10177-RGS

JOHN MCCULLOUGH

v.

SCOTT ROBY and FRANK WOODS

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND EXPENSES

December 11, 2024

STEARNS, D.J.

Having prevailed on one of his civil rights claims brought against two Boston Police Department officers, Scott Roby and Frank Woods, plaintiff John McCullough moves pursuant to 42 U.S.C. § 1988 and Rule 54 of the Federal Rules of Civil Procedure for an award of $79,500 in attorney's fees, $1,210 in litigation expenses, and $2,663.90 in costs. Officer Roby, the only defendant found liable, acknowledges McCullough's entitlement to reasonable attorney's fees and costs. However, he challenges the total amount sought. For the reasons that follow, the court will allow plaintiff's motion for attorney's fees and costs, although with a reduction in the requested fees award.

## BACKGROUND

In February of 2024, McCullough tried five claims against Officer Roby and Officer Woods before a jury. After hearing claims of excessive force, false arrest, malicious prosecution, and First Amendment retaliation against Officer Roby and a claim of failure to intervene against Officer Woods, a jury returned a verdict in favor of McCullough on the malicious prosecution claim against Officer Roby and awarded him $5,000. The jury exonerated Officer Woods. Dkt. # 134 at 2-3.

## LEGAL STANDARD

Under Section 1988, "a prevailing party in a civil rights suit is entitled to reasonable attorneys' fees 'unless special circumstances would render such an award unjust.'" *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Section 1988 "requires a two-part inquiry: (1) whether the plaintiff is a prevailing party, and (2) if the plaintiff is a prevailing party, what constitutes a reasonable fee award." *Boston's Children First v. City of Bos.*, 395 F.3d 10, 14 (1st Cir. 2005). "To qualify as a prevailing party, a litigant must show that a material alteration of the parties' legal relationship has taken place as a result of the litigation." *Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 8 (1st Cir. 2011). "A reasonable fee typically is determined through the lodestar method, which involves multiplying the number of hours productively spent

2

by a reasonable hourly rate to calculate a base figure." *Torres-Rivera*, 524 F.3d at 336. "In implementing this lodestar approach, the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001).

## DISCUSSION

The parties agree that McCullough is a prevailing party because he received "a favorable judgment on the merits of" his malicious prosecution claim. *Diffenderfer v. Gomez-Colon*, 587 F.3d 445, 453 (1st Cir. 2009); *see* Dkt. # 147 at 1. However, Officer Roby challenges the reasonableness of McCullough's attorney's hourly rate and the amount of the fee sought, contending that the fee should be reduced because of: (1) block-billed entries; (2) incorrectly billed non-core work; and (3) failed claims. Dkt. # 166 at 1. The court will discuss each issue in turn, beginning with the reasonableness of the attorney rate.

**(1) Reasonableness of Attorney Rate**

Officer Roby requests that the hourly rate for McCullough's attorney, Joshua O'Neill, be reduced from $530 to $365 to reflect more accurately his

3

skills and experience. Dkt. # 166 at 9. A reasonable hourly rate is "often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." *Matalon v. Hynnes*, 806 F.3d 627, 638 (1st Cir. 2015). These rates must "be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 892 (1984); *see Castaneda-Castillo v. Holder*, 723 F.3d 48, 56 n.4 (1st Cir. 2013). Fee awards must "encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986).

McCullough directs the court's attention to Attorney Wendell in *Muehe v. City of Boston*, 589 F. Supp. 3d 80, 86-87 (D. Mass. 2021), as comparable counsel to Attorney O'Neill. Adjusted for inflation, the court in *Muehe* found the reasonable rate for Attorney Wendell, an associate attorney at an established Boston law firm with eight years of experience, is $560 per hour. *Muehe*, 589 F. Supp. 3d at 86-87; Dkt. # 156 at 6. Attorney O'Neill has the equivalent experience of an eighth-year associate attorney.[1] However, he

---

[1] After graduating from law school in 2016, Attorney O'Neill spent over two years working as a law clerk, a year assisting with complex litigation, over three years representing hundreds of clients charged with crimes in New

4

admits that he has "limited experience litigating civil rights matters as lead counsel in federal court," and that the claims here were not complex, with "relatively straightforward and largely undisputed" facts. Dkt. # 157, ¶ 18. In contrast, the rates in *Muehe* reflected the unique expertise that counsel had compiled in the specialized legal field of disability access and class action litigation and settlement practice. *Muehe*, 569 F. Supp. 3d at 87.

Although Attorney O'Neill adjusted his rate to $530 per hour to reflect "significant differences between the complexity of *Muehe* and Mr. McCullough's matter and the experience and skill of the attorneys in both matters," Dkt. # 156 at 7, the court finds a further adjustment to $430 per hour is reasonable. This rate also is in the approximate range, adjusted for inflation, that other courts in this district have found reasonable for similarly experienced attorneys working on relatively straightforward claims. *See, e.g., Alexander v. Mass. Dep't of Corr.*, 2024 WL 2013852, at *3 (D. Mass. May 7, 2024) (finding $560–$600 per hour was reasonable for a law firm partner with twenty-nine years of experience and $365–$385 per hour was reasonable for an associate with five years of experience); *Cox v. Mass. Dep't*

---

York and Massachusetts, and over two years specializing in criminal defense and civil rights litigation since opening the firm, Boston Defender, in 2022. Dkt. # 156 at 6.

*of Corr.*, 2019 WL 2075588, at *8 (D. Mass. May 20, 2019) (compensating lead attorney with twenty-seven years of experience at $450 per hour in prisoner civil rights case). This rate also appropriately incentivizes the "bringing of meritorious civil rights claims." *Rivera*, 477 U.S. at 578.

**(2) Block Billing**

Officer Roby challenges many of McCullough's entries on the grounds that they are presented in "block billing." Dkt. # 166 at 7. "Courts disfavor the use of block billing 'because it requires decipher[ing] on the judges' part." *Hermida v. Archstone*, 950 F. Supp. 2d 298, 312 (D. Mass. 2013) (citations and quotations omitted). Where a party furnishes time records that are ill-suited for evaluative purposes, courts may adjust those entries "to achieve an equitable result." *Torres-Rivera*, 524 F.3d at 340. That said, a reduction of the fee award is not warranted "where block-billing is infrequent or relatively minor, or where most of the entries were reasonably recorded." *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 176 (D. Mass. 2015). Here, a significant number of entries are block billed, but include detailed accounts of the tasks performed.[2] However, it is difficult to

---

[2] For example, on November 17, 2023, McCullough's counsel submitted 1.3 hours for: "Miscellaneous: Communicated with opposing counsel and client regarding deposition scheduling. Discussed case status and plan with client. Reviewed Federal Rules of Criminal Procedure regarding depositions." Dkt. # 157-1 at 11. Counsel on October 10, 2023,

fully evaluate the reasonableness of the time spent on each task, particularly when the task involves non-core work.

### (3) Core v. Non-Core Work

Officer Roby contends that plaintiff's bill contains some entries that blend core and non-core activities and do not specify the amount of time spent on each activity. Dkt. # 166 at 6. Courts have the discretion to apply differential rates to fees for "core" work, such as "legal research, writing of legal documents, court appearances, negotiations with opposing counsel, monitoring, and implementation of court orders," and "non-core" work, which includes "letter writing and telephone conversations." *Matalon v. Hynnes*, 806 F.3d 627, 638 (1st Cir. 2015), quoting *Brewster v. Dukakis*, 3 F.3d 488, 492 n.4 (1st Cir. 1993). "Non-core work is usually compensated at two-thirds the billing rate approved for core legal work." *Parker v. Town of Swansea*, 310 F. Supp. 2d 376, 391 (D. Mass. 2004). However, a court "may employ an across-the-board rate cut," rather than use two-tiered rates.

---

billed 3.3 hours for: "Trial/Hearing Preparation: Drafted, reviewed, and revised subpoenas for four witnesses. Sent to constable and paid for service. Drafted, reviewed, and revised notice of depositions. Provided to opposing counsel and scheduled stenographer for depositions. Set calendar reminders for client and myself for depositions. Communicated with client regarding lack of receipt of discovery—surveillance video—from defendants. Reviewed client's request for production of documents and defendants' responses. Reviewed local rule 7.1. Drafted, reviewed, revised, and sent to opposing counsel request for surveillance video or rule 7.1 conference." *Id.* at 13.

*Matalon*, 806 F.3d at 639. There is no "rigid requirement" that a court employ a core/non-core analysis when adjudicating a fee petition. *Id.*

The court finds that some of McCullough's counsel's tasks, such as communicating with his client through text message, email, and telephone calls; communicating with opposing counsel through email exchanges and telephone conferences; drafting, reviewing, and revising subpoenas and notices of depositions; and making arrangements for depositions, including scheduling a stenographer and contacting a constable, are non-core tasks that "ought not to be billed at lawyers' rates, even if a lawyer performs them." *Lipsett v. Blanco*, 975 F.3d 934, 940 (1st Cir. 1992); *see* Dkt. # 157-1 at 13. As such, the court will reduce the award, as explained further below.

### (4) Unsuccessful Claims

McCullough's counsel contends that there should be no reduction for his prosecution of unsuccessful claims. Although McCullough prevailed on only one of his claims, counsel argues that all of McCullough's claims arose from the same common core of facts — Officer Roby's arrest of McCullough — and were based on related legal theories. Dkt. # 156 at 4. "When a plaintiff prevails on some, but not all, of multiple claims, a fee reduction may be in order." *Gay Officers Action League*, 247 F.3d at 298. The court "must filter out the time spent on unsuccessful claims and award the prevailing party fees

8

related solely to time spent litigating the winning claim(s)." *Id.* However, a prevailing party sometimes can avoid this "by a showing that the work done on unsuccessful claims was inextricably intertwined with the work done on successful claims." *Id.* at 298 n.7. Thus, fees are appropriately excluded from the lodestar "[w]hen different claims for relief are not interconnected— that is, when the claims rest on different facts and legal theories." *Figueroa-Torres v. Toledo-Davila*, 232 F.3d 270, 278 (1st Cir. 2000), quoting *Coutin v. Young & Rubicam Puerto Rico, Inc.*, 124 F.3d 331, 339 (1st Cir. 1997).

Here, McCullough prevailed on just one out of five of the claims he tried before the jury and received a $5,000 judgment. Dkt. # 134 at 2-3. Of the five claims, only the malicious prosecution and false arrest claim involve the same facts — they stem from Officer Roby's arrest of McCullough — *and* share a legal element — a showing of probable cause. Thus, a fee reduction is appropriate to account for McCullough's unsuccessful claims, which rest on different legal theories.[3] *See Figueroa-Torres*, 232 F.3d at 278; *Cosenza v. City of Worcester, Mass.*, 2023 WL 2838381, at *4 (D. Mass. Apr. 7, 2023) (imposing a 20 percent reduction for pre-trial hours and 5 percent reduction

---

[3] The court also has reservations about counsel's decision to put Officer Woods to trial on a failure to intervene claim that had very little factual support. *See Davis v. Rennie,* 264 F.3d 86, 98 n.10 (1st Cir. 2001) (the failure to intervene rule applies only where an officer has "a realistic opportunity to intercede").

9

for post-trial work to account for the limited success because, although "the underlying alleged facts were all of a similar type—they all supported allegations that plaintiff's conviction was the result of the bad actions of law enforcement—they were all distinct from each other").

Moreover, as McCullough's counsel concedes, the "claims and legal issues in this case were neither complex nor novel" and the "facts were relatively straightforward and largely undisputed." Dkt. # 157 at 4; *see Foley v. City of Lowell*, 948 F.2d 10, 19 (1st Cir. 1991) (holding a fee amount may be reduced on the basis that the matter was not complex). The court is aware that McCullough's counsel voluntarily reduced the hours he submitted to this court by over 10 percent from 172.10 hours to 150 hours to account for the "unintentional, unnecessary billing and unsuccessful claims." Dkt. # 156 at 5. However, given all the above — the block-billed entries that erroneously bill non-core tasks at core rates, the success of only one out of five of the claims, and the non-complex nature of the dispute — the court will impose a 60 percent reduction to the total requested attorney fee. *See Hensley*, 461 U.S. at 436-437 (1993) ("There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."); *Diaz-Rivera v. Rivera-Rodriguez*, 377 F.3d 119, 121-

122 (1st Cir. 2004) (affirming district court's reduction of the total attorney's fees by thirty-three percent because "plaintiffs obtained limited claims-based success and relief"); *Doe v. Mass. Dep't of Corr.*, 2019 WL 2913969, at *2 (D. Mass. July 8, 2019) (awarding plaintiff one-third of the total attorney's fee "because she successfully obtained relief on three out of her nine requests").

The Table below incorporates Attorney O'Neill's revised hourly rate.

|  | Total Hours | Revised Hourly Rate | Total Fee |
|---|---|---|---|
| Joshua O'Neill | 150 | $430 | $64,500 |
|  |  | **60 Percent Reduction** | **$25,800** |

Lastly, the court finds McCullough's requested expenses and costs reasonable and supported by the record.[4] *See* Dkt. # 156, Exs. 4-10.

# ORDER

---

[4] Officer Roby does not dispute McCullough's requested expenses and costs. McCullough seeks reimbursement for $1,210 in expenses related to serving deposition subpoenas and hiring stenographers. McCullough paid $460 for deposition subpoenas and $150 for a stenographer for each of the depositions of officers Roby, Woods, Matthew Turner, and Saequan Sparks-Clancy, and Lieutenant Thomas Brooks. McCullough seeks reimbursement for $2,663.90 in costs for deposition transcripts. McCullough paid $327.25 for Officer Woods's deposition transcript, $200 for Officer Turner's, $250 for Officer Sparks-Clancy's, $544 for Officer Roby's, $429.25 for Lieutenant Brooks', and $913 for McCullough's. Dkt. # 156, Exs. 4-10.

For the foregoing reasons, McCullough's motion for attorney's fees is <u>ALLOWED in part</u>.  The Clerk will award McCullough $25,800 in attorney's fees, $1,210 in expenses, and $2,663.90 in costs.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE